M77QazoC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

            v.                        21 CR 379 (VSB)
                                        Conference

CARLOS ORENSE AZOCAR

                Defendant
------------------------------x
                                      New York, N.Y.
                                      July 7, 2022
                                      3:00 p.m.


Before:

                HON. VERNON S. BRODERICK
                                        District Judge


                      APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
KYLE A. WIRSHBA
     Assistant United States Attorney

FOY & SEPLOWITZ LLC
     Attorneys for Defendant
JASON FOY
ERIC SARRAGA

ALSO PRESENT:  Jill Hoskins, Interpreter (Spanish)
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1               (In open court)
2               THE COURT:  If I could ask counsel to please identify
3      themselves for the record.
4               MR. WIRSHBA:  Good afternoon, your Honor.
5               Kyle Wirshba for the government.
6               THE COURT:  Good afternoon.
7               MR. FOY:  May it please the Court, Jason Foy for
8      Mr. Carlos Orense Azocar.
9               Also with me at counsel table is associate counsel
10     Eric Sarraga.
11              We also have a family member who traveled from Miami
12     to be here today in support of Mr. Azocar.
13              THE COURT:  Thank you.
14              Good afternoon, Mr. Azocar.
15              THE DEFENDANT:  Good afternoon.
16              THE COURT:  Can you hear and understand the
17     interpreter?
18              THE DEFENDANT:  Absolutely.
19              THE COURT:  If at any point in time the equipment
20     malfunctions or you don't understand something, just raise your
21     hand and we'll try and fix the issue.  Okay?
22              THE DEFENDANT:  Thank you.
23              THE COURT:  Mr. Wirshba, I understand from the docket
24     that Mr. Azocar was arraigned on the indictment before Judge
25     Figueredo.  Is that correct?

1            MR. WIRSHBA:  That is correct, your Honor.

2            THE COURT:  I know Mr. Azocar was extradited.  Is that

3    correct?

4            MR. WIRSHBA:  That's also correct, your Honor.

5            THE COURT:  The initial presentment was 6/23.  So has

6    the time between then and now run from the speedy trial clock?

7            MR. WIRSHBA:  Not completely, your Honor.  There was

8    an intermediate date that was set.  I believe it ran last week.

9    We did not seek an extension of that time, but we certainly

10   plan to today.

11           THE COURT:  Fine.  So what's the status of discovery?

12           MR. WIRSHBA:  Your Honor, at this time, the government

13   has not produced discovery.  We've been in touch with defense

14   counsel, and I would defer to him on a proposal.

15           THE COURT:  Sure.  Mr. Foy.

16           MR. FOY:  Yes, your Honor.

17           We're asking that production of discovery be slightly

18   delayed because there may or may not be a change of counsel.

19   There are some issues that Mr. Azocar is trying to work through

20   to see if he can get the counsel of his choice, who I've been

21   in contact with and been communicating with.  He needs a couple

22   more weeks to see if that's possible because he's been in the

23   custody of Italy for over a year, and he's got to rely on other

24   people to help him out with the situation.  Although my client

25   is optimistic it's going to happen, there's a good chance it

M77QazoC

could not happen, and then I will, in fact, be ready to take on the case.

In the meantime, what we're really going to ask for, your Honor, is to give us 45 days to report back to you about where we are with things with the hope that we could have a date to come back sometime in September or a date that's appropriate for the Court.  By then, we should kind of know what track we're going to be on.

We're still going to do our due diligence to be prepared in the event we're going to take it for the long haul so we're not losing time.  We're making efforts to do that.  There's enough information available for us to review to make good use of the time while we try to figure logistics out, and, of course, how we're going to approach the government moving forward.

THE COURT:  Okay.  I think that's fine.

Ms. Rodriguez, a date 45 days out?

DEPUTY CLERK:  August 22 at 2:00 p.m.

MR. WIRSHBA:  That's fine for the government.

THE COURT:  Mr. Foy?

MR. FOY:  That's good.

THE COURT:  First, I'm going to exclude the time between now and August 22 at 2:00 p.m. from the time in which Mr. Azocar would have to be brought to trial.  I find that that exclusion outweighs the interest of the public and Mr. Azocar

1  in a speedy trial.  That time is necessary for Mr. Azocar to
2  pursue whether he is going to retain counsel, to allow the
3  government to -- and, Mr. Wirshba, what I would ask is get the
4  stuff ready.
5           MR. WIRSHBA:  Of course.
6           THE COURT:  You may already have it ready to go.  By
7  "stuff," I mean discovery.
8           MR. WIRSHBA:  I think a significant amount of it is
9  ready to go, your Honor.
10          I will also say Mr. Foy was not just saying that they
11 were doing work to prepare.  We've been in touch multiple
12 times, and, in fact, Mr. Foy has already provided me a hard
13 drive for me to load with what is relatively significant
14 electronic discovery in this case.
15          THE COURT:  I would imagine that there were materials
16 submitted in the extradition package, which probably contains a
17 fair amount of things related to the case.  I don't know if
18 that's what the package consists of, but that's fine.
19          MR. WIRSHBA:  Your Honor, as I've shared with defense
20 counsel, there were search warrant returns for electronic
21 accounts in this case, and pursuant to an MLAT, the government
22 has also received materials from Italy, including electronic
23 materials.  So there is relatively voluminous discovery here,
24 and the government is collecting it as your Honor speaks.
25          THE COURT:  In addition to the time for Mr. Azocar to

M77QazoC

1   allow him to pursue counsel, it will allow Mr. Foy and
2   Mr. Azocar time to review the materials and to determine -- I
3   guess review the materials and eventually speak to their
4   client, and if it turns out someone else appears, transfer
5   whatever the work product is over to the new attorney.
6            I should say, and, Mr. Azocar, you probably have
7   already been informed of this, but you're entitled to an
8   attorney regardless of whether or not you're able to retain an
9   attorney.  And so if you are not able to find an attorney
10  because of finances, as Mr. Foy has mentioned, he and
11  Mr. Sarraga would continue to represent you, okay?
12           THE DEFENDANT:  (Nods)
13           THE COURT:  Okay.  Now, I'm not sure, so I
14  received -- and the next thing I'm going to address is I
15  received from Inner City Press a request for the financial
16  affidavit.
17           MR. FOY:  Yes, and you directed us to answer by today.
18  So instead of using resources in briefing to oppose it, with
19  your permission, I'd like to make an oral --
20           THE COURT:  Sure.
21           MR. FOY:  -- statement about the application.
22           I've reviewed the case law referenced in the
23  application.  Although I would normally oppose it, because I
24  know what's in the affidavit, it doesn't make sense for me to
25  oppose it at this point.  So if your Honor wants to unseal it,

1    that's fine.  My understanding is that the person who made the

2    application was present when I explained why there wasn't much

3    information included.  So if he wants to see a blank piece of

4    paper with a signature, he can.

5             THE COURT:  Okay, that's fine.

6             Any objection from the government?

7             MR. WIRSHBA:  The government takes no position on the

8    application, your Honor.

9             THE COURT:  All right.  So I'm going to direct that

10   the financial affidavit be unsealed.  To the extent that the

11   Inner City Press, that Mr. Lee -- since it sounds like he's

12   already aware of the comments about it, I assume it was before

13   Judge Figueredo where the material was presented to her and you

14   made your statement at that time, so I'm going to unseal it,

15   and then we'll just move on, and I'll see the parties on

16   August 22.

17            Is there anything else that we need to deal with today

18   from the government's perspective?

19            MR. WIRSHBA:  No, your Honor.

20            THE COURT:  Mr. Foy, from the defense?

21            MR. FOY:  Yes.  One other thing with regard to my

22   client's medical condition.

23            THE COURT:  Okay.

24            MR. FOY:  When I first appeared with him on June 23,

25   of course, he was just new to the district and hadn't been

1  provided his medication.  He has a number of medical issues.
2  Since then, he has been provided with some of his medication
3  that's necessary to deal with his medical issues, but
4  apparently the medication as it relates to a prostate condition
5  and circulation hasn't been provided to him.
6       He's faring okay now, but I want, you know, MDC to
7  provide him with all the medical care necessary to deal with
8  the prostate and the issue with his circulation.  I believe he
9  was prescribed Tessalon -- and I can't read my writing of what
10 the other drug is right now.  Oxwell (ph) is the other
11 medication that goes with the prostate?  You know, he wants to
12 make sure he's still getting the medication that he needs.
13      THE COURT:  Sure.  And if you want, I have no -- had
14 Judge Figueredo filled out any -- I didn't see, they don't
15 often appear on the docket, but was there a medical order?
16      MR. FOY:  At that time no, because he had just gotten
17 here, and I figured let me see what happens, give them a chance
18 to execute.  But it hasn't been fully executed, so that's why
19 I'm mentioning it to your Honor.
20      THE COURT:  That's fine.  If you provide to my
21 chambers inbox the information.  You know, I don't know how
22 they verify -- well, I don't know.  Did certain of the
23 medication come with him?  In other words, was it transported
24 with Mr. Azocar from Italy?
25      MR. FOY:  I don't know the answer to that.

1        THE COURT:  Okay.

2        MR. WIRSHBA:  I believe some of it was, your Honor,
3  and it was provided to the Bureau of Prisons.  I don't know
4  which particular medications.

5        THE COURT:  If you provide me with the information, I
6  can indicate to them that although provided with some of the
7  medications, there's still two that need to be provided, look
8  into that, and provide the medication as needed.

9        MR. FOY:  I will definitely look into that and do a
10  letter to your Honor.

11        THE COURT:  That's fine.  I don't know necessarily
12  whether -- obviously, Mr. Azocar had a prescription for it.  I
13  don't know whether they need to see that prescription.  I don't
14  know internally how it works, but I'm sure they'll let us know
15  if they need something, a prescription or some documentation
16  from Italy.

17        MR. FOY:  Thank you.

18        THE COURT:  Thank you very much.

19        All right.  I'll see everybody on August 22.  Mr.
20  Azocar, I'll see you on the 22nd of August.

21        THE DEFENDANT:  Thank you.

22        THE COURT:  Thank you very much.  We'll stand
23  adjourned.

24        MR. WIRSHBA:  Thank you, your Honor.

25        (Adjourned)