**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK:**
-------------------------------------------------X
**UNITED STATES OF AMERICA,**       :
                                    :
                                    :
                                    :                    **21 Cr. 379 (VSB)**
                  v.                :
                                    :
**CARLOS ORENSE AZOCAR,**           :
                                    :
                  **Defendant.**    :
-------------------------------------------------X

---

## CARLOS ORENSE AZOCAR PROPOSED
## JURY INSTRUCTIONS

---

Jason E. Foy (JF5839)
Eric J. Sarraga (ES6095)
FOY & SEPLOWITZ, LLC
105 Main Street
Hackensack, NJ 07601
201-457-0071

Attorneys for Carlos Orense Azocar

Dated: November 13, 2023

Defendant Carlos Orense Azocar respectfully submits proposed jury instructions in accordance with Federal Rule of Criminal Procedure 30 and this Court's individual rules. The Defendant respectfully reserves the right to object to the Government's proposed jury instructions at the appropriate time, prior to the charge conference. The Defendant further respectfully reserves the right to supplement or modify these pretrial instructions in light of the evidence presented at trial.

## I.   GENERAL INSTRUCTIONS

The Defendant respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Statements of Court and Counsel not Evidence

c.   Rulings on Evidence and Objections

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Definitions and Examples of Direct and Circumstantial Evidence

h.   Right to See Exhibits and Have Testimony Read During Deliberations

i.   Sympathy: Oath as Jurors

j.   Punishment Is Not to Be Considered by the Jury

k.   Verdict of Guilt or Innocence Must be Unanimous

l.   Duties of the Foreperson and Return of Verdict Form

PROPOSED JURY INSTRUCTION NO. 1

Witness Credibility Generally[1]

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about the significant factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?

Was the witness consistent, or contradictory? Did the witness appear to know what he was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

---

[1] Federal Jury Instructions §§ 15:01, 15:04; Modern Instructions at 7-1, 7-10, 7-11, 7-12, 7-16, 7-19; Mannu Instructions at 668-675; Lopez Instructions at 1230-35, 1238; Sand 7-5 (Accomplices Called by the Government).

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to? Evidence that a witness may be biased towards one of the parties requires you to view that witness's testimony with caution, to weigh it with great care, and to subject it to close scrutiny.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's present testimony. You may also consider a witness's earlier silence or inaction that is inconsistent with his or her courtroom testimony to determine whether the witness has been impeached. If you believe that any witness has been impeached, and thus discredited, then it is for you to give the testimony of that witness as much or as little weight, if any, as you think it deserves.

You should also consider whether a witness had an opportunity to observe the facts he testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Now a word about the preparation of witnesses. You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of all the subjects he will be questioned about, focus on those subjects, and have the opportunity to review the relevant exhibits and documents before being questioned about them. Such consultations help conserve your time and the Court's time.

Again, the weight that you give to the fact or the nature of the witness's preparation for his testimony and what inferences you draw from such preparation are matters completely within your discretion.

<u>PROPOSED JURY INSTRUCTION NO. 2</u>

<u>Cooperating Witnesses</u>[2]

You have heard testimony from Antonio Arvelaiz, Roberto Lopez-Perdigon, Mario Satizabal, and Jose Boada, witnesses who testified that they have pled guilty to criminal activity and who have now entered into agreements to cooperate with the Government. The law permits the use of testimony from cooperating witnesses. The law requires, however, that the testimony and motives of a cooperating witness be scrutinized with great care and viewed with special caution.

You should bear in mind that a witness who has entered into a cooperation agreement has an interest in this case that is different than that of any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, receive immigration benefits, receive financial compensation, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a cooperating witness pled guilty to crimes that may be similar to the crimes charged against the defendant, as

---

[2] Sand et al., Instruction 7-5, at 7-17 to 7-18. *See generally United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999) ("there is 'no talismanic formula' for an instruction on accomplice testimony," but "a defendant who makes one or more of these requests is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly vulnerable to the prosecution's power and influence, and that specifies the ways (by catalog or example) that a person so situated might be particularly advantaged by promoting the prosecution's case").

a witness's decision to plead guilty was a personal decision about his own guilt and not anyone else's. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here. The law does not permit a defendant to be found guilty simply based on his association with some guilty party.

If you decide to accept this testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.[3]

[IF APPLICABLE: In addition, you have heard the testimony of [NAMES], witnesses who were previously convicted of a crime, punishable by more than one year in jail. These prior convictions were put into evidence for you to consider in evaluating the witnesses' credibility. You may consider the fact that the witnesses who testified are convicted felons in deciding how much of their testimony to accept and what weight, if any, it should be given.]

---

[3] Sand 7-9.1

PROPOSED JURY INSTRUCTION NO. 3

Witness Credibility[4]

In making a determination of witness credibility, you may consider whether the witness purposefully made a false statement or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact, or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject the witness's testimony in its entirety, or you may accept only those parts of it that you believe to be truthful and that are corroborated by other independent evidence.

---

[4] Adapted from Sand 7-18; 1-7 Modern Federal Jury Instructions

PROPOSED INSTRUCTION NO. 4

Other Persons Not on Trial[5]

You have heard evidence about the involvement of certain other people in the crimes charged in the indictment. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons are not on trial before you. That these other individuals are not on trial before you is not your concern. You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that no other person is present at this trial. Your concern is solely the defendant on trial before you. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way. The only issue in this case is whether the Government has proven the charges against this defendant beyond a reasonable doubt.

---

[5] Sand, Instruction 2-18 (citing the Sixth Circuit Pattern Criminal Jury Instruction 2.01).

PROPOSED INSTRUCTION NO. 5

Law Enforcement Witnesses[6]

You have also heard testimony from law enforcement officers.  The fact that a witness is employed by the Government does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is appropriate for a defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision after reviewing all the evidence whether to accept the testimony of each law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[6] Sand 7-9.1

PROPOSED JURY INSTRUCTION NO. 6

Expert Witnesses[7]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts. In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

[7] *Federal Jury Instructions* § 14:01; *Modern Instructions* at 7-21

PROPOSED JURY INSTRUCTION NO. 7

A Defendant's Right Not to Testify [If Applicable][8]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that they are innocent. Therefore, you must not attach any significance to the fact that the defendant did not testify. Indeed, you may not draw any adverse inference whatsoever against the defendant because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations.

---

[8] *Federal Jury Instructions* § 15:14; *Modern Instructions* at 5-21; *Lopez* Instructions at 1239-40

PROPOSED JURY INSTRUCTION NO. 8

Translations of Recordings and Documents in Spanish[9]

You heard recordings and saw documents in Spanish.  You also saw translations of those recordings and documents into English.  These translations embody the testimony of the interpreter[s] who was [were] called by the Government [and the defense] to testify.  These transcripts were admitted into evidence.  To the extent that you accept or reject the testimony of the interpreter[s], you may accept or reject the transcripts themselves of the Spanish conversations. You should not, however, substitute your own understanding of Spanish for that of any translation that was admitted in evidence. You must accept or reject the Spanish translations in whole or in part without regard to your own understanding of Spanish.  Remember that the jury is the ultimate factfinder and, as with all the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

---

[9] Adapted from the charges of Judge Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995). *See United States v. Ulerio*, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); *United States v. Vasquez*, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder), *cert. denied*, 444 U.S. 981 (1979); *United States v. Llinas*, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy), *cert. denied*, 444 U.S. 1079 (1980).

<u>PROPOSED INSTRUCTION NO. 9</u>

<u>Testimony of Witnesses Involving Special Circumstances – Benefits, Accomplice</u>[10]

You have heard testimony from Witness-1 [REPLACE WITH PSEUDONYM] Antonio Arvelaiz, Roberto Lopez-Perdigon, Mario Satizabal, AND Jose Boada who received or will receive benefits including financial compensation and/or immigration benefits from the Government in connection with this case.

You also heard testimony from Antonio Arvelaiz, Roberto Lopez-Perdigon, Mario Satizabal, and Jose Boada who admitted to being accomplices to the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For these reasons, in evaluating the testimony of Witness-1 [REPLACE WITH PSEUDONYM] Antonio Arvelaiz, Roberto Lopez-Perdigon, Mario Satizabal, and Jose Boada, you should consider the extent to which or whether their testimony may have been influenced by these factors. In addition, you should examine the testimony of Witness-1 [REPLACE WITH PSEUDONYM] Antonio Arvelaiz, Roberto Lopez-Perdigon, Mario Satizabal, AND Jose Boada with greater caution than that of other witnesses.

---

[10] Adapted from the Model Criminal Jury Instructions for the Ninth Circuit.

PROPOSED JURY INSTRUCTION NO.10

Implicit Bias[11]

Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions. Scientists studying the way our brains work have shown that, for all of us, our first responses are often like reflexes. Just like our knee reflexes, our mental responses are quick and automatic. Even though these quick responses may not be what we consciously think, they could influence how we judge people or even how we remember or evaluate evidence.

Scientists have taught us some ways to be more careful in our thinking that I ask you to use as you consider the evidence in this case:

- Take the time you need to test what might be reflexive unconscious responses and to reflect carefully and consciously about the evidence.

- Focus on individual facts, don't jump to conclusions that may have been influenced by unintended stereotypes or associations.

- Try taking another perspective. As yourself if your opinion of the parties or witness or of the case would be different if the people participating looked different or if they belonged to a different group.

- You must each reach your own conclusions about this case individually, but you should do so only after listening to and considering the opinions of the

---

[11]   Authority: AIJ Project, Achieving an Impartial Jury Toolbox pp. 17-20, https://www.americanbar.org/content/dam/aba/publications/criminaljustice/voirdire_toolchest.authch eckdam.pdf

other jurors, who may have different backgrounds and perspectives from yours.

Working together will help achieve a fair result.

II.THE CHARGES

PROPOSED JURY INSTRUCTION NO. 11

The Indictment and Charges

I will now instruct you as to the legal elements of the crimes charged in the Indictment. That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the Government must prove beyond a reasonable doubt to warrant a finding of guilt. Before you begin your deliberations, you will be provided with copies of the Indictment. As I told you, the Indictment is not evidence, it is simply the instrument by which the charges are brought. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant. In reaching your determination of whether the Government has proved Mr. Orense Azocar guilty beyond a reasonable doubt, you may consider the evidence introduced here in the courtroom or the lack of evidence.

The Indictment contains four counts, or separate offenses. You must consider each count separately as to the defendant and must return a verdict based only upon the evidence as it relates to that specific count with respect to the defendant.

Count One Charges the defendant with conspiracy to import narcotics into the United States. Count Two Charges the defendant with conspiracy to violate maritime drug enforcement laws. Count Three charges the defendant with possession of machineguns and destructive devices in furtherance of the crimes set forth in Counts

17

One and Two. Count Four charges the defendant with conspiracy to possess machine guns and destructive devices in furtherance of Counts One and Two.

PROPOSED JURY INSTRUCTION NO. 12

Acting "Knowingly" and "Intentionally"[12]

Because all the charges implicate the concepts of knowledge and intent, I will discuss these concepts before addressing the individual charges. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his or her conduct and by all the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident. It is sufficient that a defendant intentionally engages in conduct that the law forbids. The Government is not required to prove that a defendant is aware of the law that actually forbids his conduct.

---

[12] adapted from the charge of the Hon. John Gleeson in *United States v. James Rosemond*, 11-CR-424 (E.D.N.Y.); Sand, Instruction 3A-1. 3A-2 and 3A-4

PROPOSED JURY INSTRUCTION NO. 13

Conspiracy Generally[13]

Because Counts One, Two, and Four all involve conspiracy charges, I will first instruct you about conspiracies in general.  I will then instruct you on the requirements for finding a conspiracy relating to each count. These instructions will apply to Counts One, Two, and Four, and will be discussed in particular for each count.

The defendant is accused of having been a member of conspiracies to violate certain federal laws.  A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Thus, if a conspiracy exists, even if it should fail to achieve its purpose, it is still punishable as a crime.  Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed. Here, for example, since the defendant is charged with, among other conspiracy charges, conspiring to distribute narcotics, it is <u>not</u> necessary for you to find that any member of the conspiracy, including the defendant, succeeded in actually selling,

---

[13] Adapted from Sand, Instruction 19-2

transporting, or distributing narcotics to another person. It is sufficient if you conclude that an unlawful agreement existed to do so. Moreover, you may find the defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

PROPOSED JURY INSTRUCTION NO. 14

Conspiracy Elements[14]

I have instructed you on the law of conspiracy generally.  I will now instruct on the elements of conspiracy.  As I stated earlier, these instructions will apply to Counts One, Two, and four and will be discussed in particular for each count.

In order to prove the crime of conspiracy, the Government must establish as to the defendant the following two elements of the crime beyond a reasonable doubt:

First, that two or more persons entered into the particular unlawful agreement charged in the Indictment; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

First Element: Agreement

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.  In other words, one cannot commit the crime of conspiracy by oneself.  Rather, the proof must convince you that at least two persons had joined together in a common criminal scheme.

For the Government to satisfy this element, however, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated,

---

[14] Adapted from Sand, Instruction 19-3

in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or violate the law has been established by direct proof. But because conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common scheme existed on the part of the persons charged to act together to accomplish an unlawful purpose.

<u>Second Element: Member of the Conspiracy</u>

If you are satisfied that a conspiracy charged in the Indictment existed, the second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the charged conspiracy.

I have previously instructed you as to the terms "knowingly" and "intentionally." Follow those instructions here. A person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of

ignorance, mistake, accident, or carelessness.  In other words, did the defendant join the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement?  And did the defendant participate in the conspiracy with the intention of furthering its business or objectives?

In that regard, it has been said that for a defendant to be deemed a participant in a conspiracy, he must have had a stake or interest in the venture or its outcome. You are instructed that, while proof of a financial stake or interest in the outcome of a scheme is not essential, if you find that the defendant had such a stake or interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proven. I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all their activities.  Moreover, the defendant need not have been fully informed as to all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

Furthermore, the defendant need not have joined in all the conspiracy's unlawful objectives.

24

In addition, the extent of the defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge, without participation, in the unlawful plan is not sufficient. Furthermore, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make that person a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, to find the defendant guilty of conspiracy, you must find beyond a reasonable doubt that, with an understanding of the unlawful nature of the conspiracy, he intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.

PROPOSED JURY INSTRUCTION NO. 15

Aiding and Abetting[15]

In Count Three the defendant is charged, in addition to being a principal who committed the alleged crime, with aiding and abetting others to commit a crime. With respect to this charge, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged for the Government to sustain its burden of proof. This is because a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the Government must first prove beyond a reasonable doubt that another person has committed the crime charged. Obviously, the defendant cannot be convicted of aiding or abetting the criminal acts of another if the Government has failed to prove that a crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

First, that the defendant knowingly associated himself in some way with the crime; and

---

[15] Adapted from Sand, Instruction 11-01

Second, that he participated in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, the Government must prove that the defendant acted knowingly and intentionally. To establish that the defendant participated in the commission of the crime, the Government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime. The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

1. Did he participate in the crime charged as something he wished to bring about?

2. Did he knowingly associate himself with the criminal venture?

3. Did he seek by his actions to make the criminal venture succeed?

If he did all these things, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these

questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

PROPOSED INSTRUCTION NO. 16

Conspiracy to Import Narcotics into the United States[16]

Count One of the Indictment charges Mr. Orense Azocar with conspiring with others to violate the narcotics laws of the United States.

To meet its burden of proving the narcotics conspiracy charged in Count One of the Indictment, the Government must prove the following elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count One; in other words, that there was, in fact, an agreement or understanding between at least two alleged conspirators, between in or about 2003 and 2021, to violate those provisions of the law that make it a crime to: (1) import a controlled substance into the United States and into the customs territory of the United States from a place outside thereof; (ii) manufacture, distribute, and possess with intent to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof; and/or (iii) manufacture, distribute, or possess with intent to distribute a controlled substance on board an aircraft registered in the United States.

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the charged conspiracy and participated in the charged conspiracy, with the specific intent to commit the narcotics offenses that were the objects of the conspiracy during the applicable time

---

[16] Adapted from Sand, Instruction 56-05.

period, namely, importation of cocaine into the United States and distribution of cocaine with knowledge and intent that the cocaine would be imported into the United States.

I have already instructed you as to "knowing" and "intentional" conduct and the elements of a conspiracy charge. Those instructions apply equally to the conspiracy charged in Count One.

The Government must also prove beyond a reasonable doubt that the controlled dangerous substance that the defendant conspired to bring into the United States is cocaine.

If you determine that the defendant is guilty beyond a reasonable doubt of the crime charged in Cout One, you must determine whether the Government has established beyond a reasonable doubt that the amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least five kilograms or more of a substance containing cocaine.

PROPOSED INSTRUCTION NO. 17

Conspiracy to Violate Maritime Drug Enforcement Laws[17]

Count Two of the Indictment charges Mr. Orense Azocar with conspiring with others to violate the maritime drug enforcement laws of the United States.

To meet its burden of proving the conspiracy to violate maritime drug enforcement laws charged in Count Two of the Indictment, the Government must prove the following elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count Two; in other words, that there was, in fact, an agreement or understanding between at least two alleged conspirators, between in or about 2003 and 2021, to violate those provisions of the law that make it a crime to distribute and possess with intent to distribute a controlled dangerous substance while on board a vessel subject to the jurisdiction of the United States.

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the charged conspiracy and participated in the charged conspiracy, with the specific intent to commit the narcotics offenses that were the objects of the conspiracy during the applicable time period, namely, knowingly possessing cocaine with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.

---

[17] Adapted from the Model Criminal Jury Instructions for the Eleventh Circuit.

I have already instructed you as to "knowing" and "intentional" conduct and the elements of a conspiracy charge. Those instructions apply equally to the conspiracy charged in Count Two.

The Government must also prove beyond a reasonable doubt that the controlled dangerous substance that the defendant conspired to bring into the United States is cocaine.

If you determine that the defendant is guilty beyond a reasonable doubt of the crime charged in Cout Two, you must determine whether the Government has established beyond a reasonable doubt that the amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least five kilograms or more of a substance containing cocaine.

PROPOSED INSTRUCTION NO. 18

Use of Firearms[18]

Count Three of the Indictment charges Mr. Orense Azocar with knowingly using or carrying firearms during the commission of a drug trafficking crime which is charged in Counts One and Two. If upon all the evidence you find that the Government has failed to prove Counts One and Two beyond a reasonable doubt, then you will proceed no further. Count Three is only to be considered if you first find the defendant guilty under at least Count One or Count Two. In reaching your verdict on Count Three, you may consider the evidence of Counts One and Two only for the purpose of determining whether the elements of Count Three have been satisfied.

The Government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty as to Count Three.

First, that Mr. Orense Azocar committed, or aided and abetted, one or more drug trafficking crimes, as charged in Counts One and Two.

Second, that Mr. Orense Azocar either knowingly used or carried a firearm during and in relation to the commission of, or knowingly possessed a firearm in furtherance of, the crimes charged in Counts One and Two.

First Element: Drug Trafficking Crime

The first element the Government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime.

---

[18] Adapted from Sand, Instruction 2-35 and the Model Criminal Jury Instructions for the Ninth Circuit.

The defendant is charged in counts One and Two of the Indictment with engaging conspiracy to import narcotics into the United States and conspiracy to violate maritime drug enforcement laws. I advise you that these are drug trafficking crimes. However, it is for you to determine that the Government has proven beyond a reasonable doubt that the defendant committed either of these drug trafficking crimes charged in Counts One and Two.

<u>Second Element: Use, Carrying or Possession</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant knowingly used or carried a firearm during and in relation to the commission of one or more drug trafficking crimes as charged in Counts One and Two and that the defendant knowingly possessed a firearm in furtherance of the commission of one or more of the drug trafficking crimes as charged in Counts One and Two.

A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive. I instruct you that a gun is a firearm.

To prove that the defendant "used" the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the drug trafficking crime. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the

firearm available if needed all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described is not sufficient to constitute a use of the firearm.

To prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission of the drug trafficking crime or was an integral part of the commission of the crime. To "carry" the firearm in furtherance of the offense means that the defendant had control of the firearm or of the place it was located and the intention to exercise that control in such a way that it would further the commission of the drug trafficking crime.

To prove that the defendant possessed the firearm in furtherance of the crime, the Government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession means that defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime for this element to be satisfied.

To satisfy this element, you must also find that the defendant possessed or carried or used the firearm knowingly. This means that he carried the firearm

purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he was breaking the law.

I have already instructed you as to aiding and abetting. Those instructions apply equally to Count One.

You will also see a question on the verdict sheet about whether the defendant committed this offense using a "machinegun." The term "machinegun" is defined in the statute as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. A trigger is any mechanism used to initiate the firing sequence. The term machinegun also includes the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

You will also see a question on the verdict sheet about whether the defendant committed this offense using "destructive devices." The term "destructive devices" is defined in the statute as (A) any explosive, incendiary, or poison gas— (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses; (B) any

type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and (C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

PROPOSED INSTRUCTION NO. 19

Conspiracy to Use of Firearms

Count Four of the Indictment charges Mr. Orense Azocar with conspiring to use, carry, or possess firearms during the commission of a drug trafficking crime which are charged in Counts One and Two. If upon all the evidence you find that the Government has failed to prove Counts One and Two beyond a reasonable doubt, then you will proceed no further. Count Four is only to be considered if you first find the defendant guilty under at least Count One or Count Two. In reaching your verdict on Count Four, you may consider the evidence of Counts One and Two only for the purpose of determining whether the elements of Count Four have been satisfied.

To meet its burden in proving the conspiracy to use, carry, or possess firearms during the commission of a drug trafficking crime charged in Count Four of the Indictment, the Government must prove the following elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count Four; in other words, that there was, in fact, an agreement or understanding between at least two alleged conspirators, between in or about 2003 and 2021, to violate those provisions of the law that make it a crime to use, carry, and possess firearms while conspiring to import narcotics charge in Count One or conspiring to violate maritime drug enforcement laws charged in Count Two.

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the charged conspiracy and

participated in the charged conspiracy, with the specific intent to commit the offenses that were the objects of the conspiracy during the applicable time period, namely, knowingly using, carrying, or possessing firearms while conspiring to import narcotics charge in Count One or conspiring to violate maritime drug enforcement laws charged in Count Two.

I have already instructed you as to drug trafficking crimes and the use, carrying and possession of firearms. Those instructions apply equally to Count Two.

You will also see a question on the verdict sheet about whether the defendant committed this offense using a "machinegun" or "destructive devices."

<u>CONCLUSION</u>

Mr. Orense Azocar respectfully requests that the Court include the foregoing in its instructions to the jury. In addition, Mr. Orense Azocar requests the opportunity to submit further instructions or amend those submitted as appropriate.


Dated:     November 13, 2023                    Respectfully Submitted,

*Jason E. Foy*

_____
JASON E. FOY (JF5839)


*Eric J. Sarraga*

_____
ERIC J. SARRAGA (ES6095