UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:
-----------------------------------------------------X
UNITED STATES OF AMERICA,

v.

CARLOS ORENSE AZOCAR,

            Defendant.
-----------------------------------------------------X

21 Cr. 379 (VSB)

---

**PROPOSED EXAMINATION
OF PROSPECTIVE JURORS
BY CARLOS ORENSE AZOCAR**

---

      Jason E. Foy (JF5839)
      Eric J. Sarraga (ES6095)

      FOY & SEPLOWITZ, LLC
      105 Main Street
      Hackensack, NJ 07601
      201-457-0071

      Attorneys for Carlos Orense Azocar

Dated: November 13, 2023

**TABLE OF CONTENTS**

I.    The Charges ................................................................................................................. 4

II.   Parties and Counsel ..................................................................................................... 6

III.  Witnesses and Locations ............................................................................................. 7

IV.   Relationship With Government ................................................................................... 9

V.    Questions Specific To The Case ................................................................................ 10

VI.   Prior Jury Service ...................................................................................................... 12

VII.  Crime Victim ............................................................................................................. 12

VIII. Prior Experience with the Court System ................................................................... 12

IX.   Trial Administration .................................................................................................. 13

X.    Basic Legal Principles ............................................................................................... 13

XI.   Questions for Individual Prospective Jurors ............................................................. 16

XII.  Requested Instruction Following Impaneling of the Jury ......................................... 17

# DEFENDANTS' PROPOSED EXAMINATION
# OF PROSPECTIVE JURORS

Defendant Carlos Orense Azocar, by his counsel, respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror.

[INTENTIONALLY LEFT BLANK]

I. **The Charges**

1. This is a criminal case. The defendant CARLOS ORENSE AZOCAR has been charged in an Indictment by a grand jury sitting in this district.

2. The Indictment contains four counts. The Indictment is not proof of anything or evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. No advance inference may be drawn against the defendant from the existence of the Indictment. You must always keep in mind that the defendant is presumed innocent, that he has entered a plea of not guilty to the charges against him, and that the Government must prove the charges in the Indictment beyond a reasonable doubt. I would like to summarize the charges in this case to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3. The defendant has been charged in Count One of the Indictment with conspiring to import five or more kilograms of cocaine into the United States and with conspiring to manufacture or distribute five or more kilograms of cocaine, knowing and intending that it would be imported into the United States.

4. The defendant has been charged in Count Two of the Indictment with conspiring while on board a vessel subject to the jurisdiction of the United States, did possess with the intent to distribute five or more kilograms of cocaine.

5. The defendant has been charged in Court Three of the Indictment with knowingly possessing firearms and aiding and abetting the use, carrying and possession of firearms, to wit, machineguns in furtherance of the charged crimes in counts one and

two.

6. The defendant has been charged in Count Four of the Indictment with conspiring to possess firearms and aiding and abetting the use, carrying and possession of firearms, to wit, machineguns in furtherance of the charged crimes in Counts One and Two.

7. As I will instruct you in a few moments, the potential penalties that the defendant faces, if any, is a question for this Court and this Court alone and the issue of possible punishment must not enter your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt. Nevertheless, recognizing that individual views on the death penalty may have an impact on your ability to serve as a fair and impartial juror, I want you to understand that the death penalty is NOT a potential punishment in this case.

8. Do any of you believe you have personal knowledge of the allegations described to you? Have any of you read or heard anything about this case in the press or from any other source? If so, is there anything you have read or heard that would cause you to feel that you cannot decide the facts at issues in this case fairly and impartially? Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case?

9. Do any of you feel that you could not view fairly and impartially a case involving such charges? Have any of you formed an opinion that any of the actions charged in the Indictment, as I have described them to you, should not be a crime? Regardless of your opinion about the charges, would you be able to follow the law as I describe to you?

**II.     Parties and Counsel**

10.     The United States, commonly referred to as the Government, is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Kaylan Lasky, Kevin Sullivan, and Michael Lockard.  They will be assisted by Special Agent Matthew Passmore of the Drug Enforcement Agency, and William Sirmon, a paralegal specialist in the United States Attorney's Office. [*please ask them to stand*].  Do any of you know U.S. Attorney Williams, Ms. Lasky, Mr. Sullivan, Mr. Lockard, DEA Special Agent Passmore, or Mr. Sirmon?  Have you or any member of your family or any close personal friend had any personal or business dealings either directly or indirectly with any of these individuals?

11.     Do any of you know, or have any of you had any dealings, directly or indirectly, with CARLOS ORENSE AZOCAR [*please ask the defendant to stand*] or with any relative, friend or associate of the defendant? Do have any relatives, friends, associates, or employers who know or have had any dealings with the defendant?

12.     The defendant, CARLOS ORENSE AZOCAR, is represented by his attorneys Jason E. Foy and Eric J. Sarraga, and paralegal specialist, Meusette Gonzalez. Do any of you know Mr. Foy, Mr. Sarraga, or Ms. Gonzalez, or have you or your family members, or close friends had any dealings, either directly or indirectly, with any of them?

6

13. I am District Court Judge Vernon Broderick and I have the responsibility to preside over this case. Before being appointed to serve as a district court judge, I was a practicing attorney. Do any of you, your family members, or your close friends know, or have had any dealings with me directly or indirectly in my role as a district court judge or as an attorney?

14. I will now read a list of names of individuals who may be mentioned during the trial or who may be witnesses in this case: [Names to be supplied]. Does any juror know, or has he or she had any dealings, either directly or indirectly with any of the individuals I just named?

### III.   Witnesses and Locations

15. <u>Law Enforcement Witnesses</u>. The witnesses in this case will include law enforcement agents and/or other government employees. Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent or employed by the Government? Does anyone have particular opinions about the Drug Enforcement Agency specifically or law enforcement generally that might make it difficult to render a fair and impartial verdict?

16. <u>Cooperating Witnesses</u>. You will hear testimony in this case from cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have admitted that they committed various crimes and are testifying pursuant to an agreement with the Government. I instruct you that the use of such cooperating witnesses is legal. Do any of you have any experience with or feelings about the use of cooperating witnesses / cooperation in general, or the use of evidence or

information obtained from such witnesses, that would make it difficult for you to render a fair and impartial verdict.

17. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

18. Some of the evidence in this trial may be presented in the form of video recordings, as well as e-mail and text messages and social media posts. I instruct you that these communications were properly obtained by the Government and are admissible in this case. Do any of you have any feelings or opinions about the use of such evidence obtained by law enforcement that could affect your ability to be fair in this case?

19. There will be events in this case that allegedly took place at and around the following locations: Venezuela, Colombia, Mexico, Dominican Republic, and other various Caribbean Islands. [a more comprehensive list to be provided]

20. Certain conduct at issue in this case took place at various locations, including the following: Venezuela, Colombia, Mexico, of the coast of the Dominican Republic and other locations through out the Caribbean and South America. [a more comprehensive list to be provided]. Are any of you familiar with these general areas or these specific locations? What do you know about the area? Do you think that your familiarity with the area will affect your ability to render a fair verdict?

21. I expect that you will hear evidence that the defendant allegedly had relationships with high-ranking government officials of the Venezuelan government, such as President Nicolas Maduro and other high-ranking members of the military and government. Do you have any knowledge or opinions about the country of Venezuela? Do you have any knowledge or opinions about the country of Venezuela and/or its government that would impact your ability to be impartial?

**IV.     Relationship With Government**

22. Do any of you know, or have any association -- professional, business, or social, direct, or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Drug Enforcement Agency? Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

23. Do any of you have any bias, prejudice, or other feelings for or against the United States Attorney's Office, the Drug Enforcement Agency, or any other law enforcement agency? Have any of you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

24. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the United States Attorney's Office and the Drug Enforcement Agency? Have any of you had any legal, financial, or other interest in any such legal

action or dispute, or its outcome? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

25.     Have you, or have any relative or close friend, ever been employed by a criminal defense attorney or a private investigator?

26.     Does any juror have any bias, prejudice, or other feelings for or against criminal defense attorneys or law firms that specialize in criminal defense?

### V.     Questions Specific to The Case

27.     Do any of you have personal knowledge of the facts of the case as I have described to you?

28.     As I have mentioned, the charges in this case involve serious crimes, namely, conspiracy to import cocaine into the United States and the use of firearms in furtherance of the unlawful objective of importing cocaine into the United States. Is there anything about the nature of these charges that would make it difficult for you to render a fair and impartial verdict in this case? Does the fact that the charges involve firearms affect your ability to render a fair and impartial verdict?

29.     Does the fact that you may hear testimony that alleges threats and/or acts of violence related to the business of narcotics trafficking affect your ability to render a fair and impartial verdict?

30.     Have any of you formed an opinion that the actions as I have described them to you, should not be a crime, or that the law governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States

government?

31. Have any of you, any family member, or close friend ever been accused of an offense involving charges similar to these?

32. Have you, any relatives, close friends or associate ever been accused of any criminal offenses?

33. Have any of you had any personal experience with drugs, including cocaine, that would make it difficult to be fair and impartial jurors?

34. Have you, any relative, close friend or associate ever been addicted to cocaine or any other narcotic?

35. Do any of you own a gun? Have any of you received training in the use of firearms?

36. Have any of you or have any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to federal drug laws and/or regulation, and/or firearms offenses? If so, when and what did you do?

37. Have you, a family member, close friend, or associate been involved – as a defendant, victim, witness, or any other way – in a case involving any of the offenses charged?

38. Has any juror's relative, close friend, or associate ever been involved – as a defendant, victim, or in any other way – in a case involving any of the offenses charged?

39. Have any of you had any personal experience with any of the offenses

charged that would make it difficult for him or her to be impartial?

## VI. Prior Jury Service

40.     Have you ever, at any time, served as a member of a grand jury, whether federal, state, county, or city court? If so, when, and where?

41.     Have you ever served as a juror in any court? If so, when and in what court did you serve and was it a civil or criminal case? In general terms, what kinds of case or cases have you heard as a juror? Did the jury reach a verdict? For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

## VII. Crime Victim

42.     Have you, or has any relative or close friend, ever been the victim of a crime, pressed criminal charges against someone, or tried to press criminal charges against someone? If any of you feel uncomfortable answering this question in open court, please say so. If you answer yes, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

43.     Is there anything about that experience that could affect your ability to be fair and impartial in this case?

## VIII. Prior Experience with the Court System

44.     Are you, or are any relatives or close friends, attorneys?

45.     Have you, or has a relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so,

what kind of case? And what was your role in that case?

46.     Have you, or has a relative or close friend, ever been arrested, or charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? Again, if you would prefer not to give your answer in open court, please say so.

47.     Have you, or has a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

48.     Have you, or has a relative or close friend, ever been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

## IX.    Trial Administration

49.     Do any of you have any problems with your hearing or vision which would prevent you from giving full attention to all the evidence at this trial?

50.     Are any of you taking any medication that prevents you from giving full attention to all the evidence at this trial?

51.     Do any of you have any difficulty in reading or understanding English in any degree?

## X.    Basic Legal Principles

52.     The function of the jury is to decide questions of fact. As a juror, you are

the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the government has proven each and every element of the crimes beyond a reasonable doubt. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

53. Under the law, a defendant is presumed to be innocent and cannot be found guilty of any crime charged in an Indictment unless a jury, after having heard all the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt with respect to the crimes charged. Would any juror have difficulty accepting and applying this rule of law?

54. In a criminal case the burden of proof remains with the government. It never shifts to the defendants. For a jury to return a guilty verdict as to a particular charge in an indictment, the Government must prove each and every element of that charge beyond a reasonable doubt. A person charged with a crime has absolutely no burden to prove that he or she is not guilty and is under no obligation to present any evidence or case on their own behalf. Would any of you have difficulty accepting and applying this rule of law?

55. Under the law, if a defendant elects not to testify or present evidence, which is his absolute right, the jury may not draw any adverse inference against that defendant based on that decision. That fact may not enter the jury's deliberation. Would any juror have difficulty in following this principle? If, however, a defendant chooses to testify, that does not shift the burden of proof from the government onto that defendant. The burden of proof always remains on the government to prove each charge against each defendant, beyond a reasonable doubt. Whether a defendant testifies or not.

56. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

57. Is there any of you who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

58. On the other hand, if the government fails to prove a defendant's guilt beyond a reasonable doubt, is there any juror who feels he or she could not render a verdict of not guilty?

59. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously,

15

fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

### XI. Questions for Individual Prospective Jurors

60. I am now going to ask each of you a few questions to give the parties a better idea of you as a person. Again, these questions are not designed to embarrass you or make you feel uncomfortable. They are simply meant to give the parties a little more information about you:

   a. What is your family status? (i.e., single, married, divorced, widowed, with or without kids). Do you have children and, if so, how many, and how old are they?

   b. What is your county of residence? How long have you lived there? If you have lived in your present county for less than 5 years, what was the previous county you resided in?

   c. Is there anyone else living in your household? If so, who and what do they do for a living?

   d. Where were you born and where did you grow up?

   e. What is your educational background? If you completed college, what did you receive your degree in? If you attended college but did not obtain a degree, how long did you attend and what was your academic area of interest during your time in college?

   f. What is your present employment? How long have you held your current position? If retired, what did you do before retirement? If married or in a serious relationship with a significant other what is their employment status? Same question for adult children?

      i. If the juror is an attorney, how long have they been an attorney?

      ii. What is the nature of your area(s) practice?

      iii. Have you ever worked as a prosecutor or criminal defense

16

attorney?

  iv. In which states and court are you admitted to practice law?

 e. What newspapers, websites, blogs, and magazines do you read and how often?

 f. What television programs and radio programs do you regularly watch or listen to?

 g. Have you served in the military? If so, what branch and when did you serve? What duties were assigned/performed?

 h. What hobbies or leisure-time activities do you enjoy?

 i. Which clubs, organizations, associations, or unions do you belong to or volunteers time to?

 j. Whether the juror regularly watches any cable news channels, and, if so, which one(s)?

 k. What social media or internet websites do you visit on a regular basis? What internet source, if any, do you rely on for news?

 l. Whether any juror has watched any movies, television shows or television series, or documentaries that focus on the subject matter of drug trafficking, drug sales, law enforcement efforts against illegal narcotics?

 m. Whether any juror closely follows federal politics and/or the United States foreign policies?

 n. Have you visited any foreign countries since 2003 and if so, where?

 o. How would you describe your ability to speak, read, and understand Spanish?

 p. How would you describe your level of knowledge about Venezuela and Latin America generally? What is your knowledge of Venezuela and Latin America based upon?

## XII. Requested Instruction Following Impaneling of the Jury

61. You, as jurors, must decide this case based solely on the evidence

presented here within the four walls of this courtroom. This means that during the trial, you must not conduct any independent research about this case, the matters in this case, and the individuals and corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. If at any time during this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk and to no one else. When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

62. In this regard, let me explain to you that I have instructed the attorneys and the defendant in a case not to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so. In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the courtroom.

63. Finally, if anything should happen involving any juror which is of an unusual nature, or which you think is something the judge should be told about, do not

discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. I make these remarks without expecting anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Dated:   November 13, 2023              Respectfully Submitted,

*Jason E. Foy*
_____
JASON E. FOY (JF5839)


*Eric J. Sarraga*
_____
ERIC J. SARRAGA (ES6095)