UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CARLOS ORENSE AZOCAR,<br>    a/k/a "El Gordo,"<br><br>                                    Defendant. | 21 Cr. 379 (VSB) |

## THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Kaylan E. Lasky
Michael D. Lockard
Kevin T. Sullivan
Assistant United States Attorneys
    *-Of Counsel-*

## TABLE OF CONTENTS

Request No. 1     The Indictment ........................................................................................ 3

Request No. 2     Multiple Counts ...................................................................................... 4

Request No. 3     Count One – Overview ........................................................................... 5

Request No. 4     Count One – Narcotics Conspiracy: Elements of the Offense.......................... 6

Request No. 5     Count One – First Element: Existence of the Conspiracy ............................... 7

Request No. 6     Count One – Second Element: Participation in the Conspiracy ................... 16

Request No. 7     Count One – Conscious Avoidance [If Appropriate] ..................................... 19

Request No. 8     Count One – Special Interrogatory on Drug Type and Quantity ................... 22

Request No. 9     Count Three – Overview........................................................................... 24

Request No. 10    Count Three – Elements........................................................................... 25

Request No. 11    Count Three – Second Element:  Terms Defined .......................................... 26

Request No. 12    Count Three – Aiding and Abetting........................................................... 28

Request No. 13    Count Three – Special Interrogatory on Firearm Type................................. 31

Request No. 14    Count Four – Overview ........................................................................... 32

Request No. 15    Count Four – Elements ........................................................................... 33

Request No. 16    Count Four – Special Interrogatory on Firearm Type ................................. 34

Request No. 17    Liability for Acts and Declarations of Co-Conspirators .............................. 35

Request No. 18    Variance in Dates .................................................................................. 36

Request No. 19    Venue ................................................................................................... 37

Request No. 20    Defendant's Testimony (If Applicable)...................................................... 39

Request No. 21    Defendant's Right Not to Testify (If Requested by the Defendant) .............. 40

Request No. 22    Similar Act Evidence (If Applicable) ........................................................ 41

Request No. 23    Cooperating Witness Testimony................................................................ 43

Request No. 24    Uncalled Witness – Equally Available to Both Sides.................................... 46

Request No. 25    Persons Not On Trial ............................................................................. 47

Request No. 26    Law Enforcement and Government Witnesses.............................................. 48

Request No. 27    Use of Evidence Obtained Pursuant to Searches (If Applicable) ................... 49

Request No. 28    Use of Recordings, Transcripts, and Translations ....................................... 50

Request No. 29    Redaction of Evidentiary Items (If Applicable)........................................... 51

Request No. 30    Stipulations of Testimony (If Applicable) .................................................. 52

Request No. 31    Stipulations of Fact (If Applicable) .......................................................... 53

Request No. 32   Particular Investigative Techniques Not Required (If Applicable) ................ 54

Request No. 33   Inferences ................................................................................ 55

Request No. 34   Preparation of Witnesses................................................................ 56

Request No. 35   Charts and Summaries (If Applicable) ............................................ 57

Request No. 36   Expert Testimony........................................................................ 58

Request No. 37   Character Witnesses (If Applicable)................................................ 59

Request No. 38   Improper Considerations: Race, Religion, National Origin, Sex, or Age....... 60

Request No. 39   Conclusion ................................................................................ 61

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    - v. -<br><br>CARLOS ORENSE AZOCAR,<br>     a/k/a "El Gordo,"<br><br>                              Defendant. | 21 Cr. 379 (VSB) |

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Statements of Court and Counsel not Evidence

c.  Rulings on Evidence and Objections

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Government Treated Like Any Other Party

g.  Definitions and Examples of Direct and Circumstantial Evidence

h.  Credibility of Witnesses

i.  Interest in Outcome

j.  Right to See Exhibits and Have Testimony Read During Deliberations

k.  Sympathy:  Oath as Jurors

l.  Punishment Is Not to Be Considered by the Jury

m.  Verdict of Guilt or Innocence Must be Unanimous

n.  Duties of the Foreperson and Return of Verdict Form

**Request No. 1          The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

The Indictment charges the defendant with the following charges:

Count One charges the defendant with conspiring to violate the narcotics laws of the United States by entering into an agreement to engage in one or more of the following types of conduct (i) importing cocaine into the United States; (ii) manufacturing or distributing cocaine, knowing or intending that it would be imported into the United States; and (iii) possessing cocaine with intent to distribute, or manufacturing or distributing cocaine, on board an aircraft registered in the United States, in violation of Title 21, United States Code, Sections 963, 952, and 959.

Count Three charges the defendant with using or carrying machineguns or destructive devices, or aiding and abetting the use or carrying of machineguns or destructive devices, during and in relation to the drug trafficking crime charged in Count One of the Indictment, in violation of Title 18, United States Code, Sections 924(c) and 2.

Count Four charges the defendant with conspiring to use and carry machineguns or destructive devices in connection with, and to possess machineguns or destructive devices in furtherance of, the drug trafficking crime charged in Count One of the Indictment, in violation of Title 18, United States Code, Section 924(o).

**Request No. 2**          **Multiple Counts**

As I just indicated, the Indictment contains a total of three Counts.  Each Count charges a different crime.  You must consider each Count of the Indictment separately, and you must return a separate verdict as to each Count.  The case on each Count stands or falls upon the proof or lack of proof.  I am now going to discuss the Counts of the Indictment in order.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

**Request No. 3**         **Count One – Overview**

As I mentioned, Count One of the Indictment charges the defendant with conspiracy to violate the narcotics laws of the United States.  Specifically—and I am reading now from the Indictment—Count One charges that [the Court is respectfully requested to read paragraphs one through five of the Indictment.]

**Request No. 4        Count One – Narcotics Conspiracy: Elements of the Offense**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count One existed.  In other words, that from at least in or about 2003 up to and including in or about 2021, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct (i) import a controlled substance into the United States; (ii) manufacture and distribute a controlled substance, knowing or intending that the controlled substance would be imported into the United States; or (iii) possess a controlled substance with intent to distribute, and manufacture and distribute a controlled substance, on board an aircraft registered in the United States.

Second: that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Victor Marrero, Jury Charge, *United States* v. *Gonzalez*, 12 Cr. 828 (VM) (S.D.N.Y. 2014); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Van Praagh, et ano.*, 14 Cr. 189 (PAC) (S.D.N.Y. 2014); Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

**Request No. 5          Count One – First Element: Existence of the Conspiracy**

The first element that the Government must prove beyond a reasonable doubt is the existence of the conspiracy.  What is a conspiracy?  A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons—to join together to accomplish some unlawful purpose.  The gist, or the essence, of the crime of conspiracy is an unlawful agreement or understanding between two or more people to accomplish some unlawful purpose.  This agreement or understanding must be between two or more individuals not operating under the direction of the Government at the time of the agreement.  The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged in Count One therefore is the agreement to commit the crime.  That is an entirely separate and distinct offense from the underlying offense, which the law calls a "substantive crime."  The crime of conspiracy is complete once the unlawful agreement is made and the defendant enters into it.  Accordingly, even if the actual crimes were not committed, you may find the defendant guilty of the crime of conspiracy to commit one or more of the following crimes (i) to import a controlled substance into the United States; (ii) to manufacture and distribute a controlled substance, knowing or intending that it would be imported into the United States; or (ii) to possess a controlled substance with intent to distribute, and manufacture and distribute a controlled substance, on board an aircraft registered in the United States.  This is because, as I said, the crime of conspiracy is complete once the unlawful agreement is made.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details or the part that each of the persons who is a party to the conspiracy is going to play.  It would be quite extraordinary if

7

there was ever such a formal document or specific oral agreement in a conspiracy.  Common sense will tell you that when people undertake to enter into a criminal conspiracy, much is often left to the unexpressed understanding.  Conspirators do not usually reduce their agreement to writing. They don't typically publicly broadcast their plans.  From its very nature, a conspiracy is almost always secret in its origin and execution.  It is rare that a conspiracy can be proved by direct evidence of an explicit agreement.  Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.  If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met; that is, they agreed, as I have explained a conspiratorial agreement to you, to

work together in furtherance of the unlawful scheme charged in Count One, then proof of the existence of the conspiracy is established.

### Objects of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. There are three objects in the conspiracy charged in Count One:  (i) the importation of a controlled substance from a place outside the United States into the United States; (ii) the manufacture or distribution of a controlled substance, with the knowledge or intent that some of the controlled substance would be unlawfully imported into the United States; or (iii) the possession of a controlled substance with intent to distribute, or the manufacturing or distribution of a controlled substance, on board an aircraft registered in the United States.  The Government does not have to prove each of the objects charged beyond a reasonable doubt.  Rather, an agreement to accomplish any one of the three objects of the alleged conspiracy is sufficient.  But if you find beyond a reasonable doubt that one or two, but not all three of the objects were proved, you must be unanimous as to which object you do find to find the defendant guilty.  That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count One.

With respect to the second object—the distribution or manufacture of a controlled substance with the intent or knowledge that some of the controlled substance would be imported into the United States—it is not necessary for the Government to prove that the conspiracy had as its object both the distribution and the manufacture of a controlled substance.  It is sufficient if you find that the conspiracy was aimed at either the manufacture or the distribution of a controlled substance with the intent or knowledge that some of it would later be imported into the United

States.  Here too, you must be unanimous as to which of these objectives—manufacture or distribution, or both—the conspiracy had.

With respect to the third object—the manufacture or distribution, or the possession with intent to distribute a controlled substance on board an aircraft registered in the United States—it is not necessary for the Government to prove that the conspiracy had as its object the manufacture and distribution of a controlled substance, as well as the possession of a controlled substance with intent to distribute.  It is sufficient if you find that the conspiracy was aimed at any one of those objectives on board an aircraft registered in the United States.  Here too, you must be unanimous as to which of these objectives—manufacture, distribution, or possession with intent to distribute, or all three—the conspiracy had.

I instruct you that cocaine is a controlled substance.  But the purity of the narcotics involved are not elements of the crime charged, so you need not be concerned with that.  I also instruct you that the defendant need not know the exact nature of the drug.  Also, in considering whether a conspiracy existed, you need not consider whether the Government has proved that a particular quantity of a controlled substance was involved in the charged conspiracy.

Now, let me define the terms "import," "distribute," "manufacture," "possession with intent to distribute," and "on board an aircraft registered in the United States," with respect to the objects charged in Count One.

***"Import"***

The term "import" has its common, everyday meaning, namely, to "bring" or "introduce" something into an area of the United States.  To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.

It is not necessary for you to find that the defendant or any co-conspirator actually carried, or agreed to actually carry, a controlled substance into the United States.  Indeed, the Government does not allege that the defendant actually carried, or agreed to carry, a controlled substance into this country.  Nor must you conclude that others in the conspiracy succeeded in bringing the controlled substance into the country.

Now let us turn to the meaning of the term "distribution."

### *"Distribute"*

The word "distribute" means the actual, constructive, or attempted transfer of a controlled substance.  To distribute simply means to deliver, to pass on, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another.  Distribution does not require a sale, but includes sales.

### *"Manufacture"*

Finally, to "manufacture" a controlled substance simply means to produce, prepare, or process it, or to engage or participate in a process that results in the production of the controlled substance.

Again, with respect to Count One, since the defendant is charged with conspiring to manufacture or distribute a controlled substance, it is not necessary for you to find that the defendant actually manufactured or distributed a controlled substance.  Nor must you conclude that others in the conspiracy actually manufactured or distributed anything.  You need only find that the defendant and others knowingly agreed to manufacture or distribute a controlled substance.

Remember as well that in order for the Government to prove a conspiracy, it must prove that the conspiracy existed between at least two individuals who were not acting at the direction of the Government at the time of the conspiracy.  In this case, one of the Government's witnesses—

█████████████—was acting at the direction of the Government beginning in or about August 2020.  As a result, ████████ may not be considered by you in determining whether the Government has proved beyond a reasonable doubt that an agreement or understanding was reached between two or more individuals to accomplish the object of the conspiracy from the time ████████ began acting at the direction of the Government in or about August 2020.  However, ████████ may be considered by you in determining whether such an agreement existed before he started acting at the direction of the Government.  In other words, the relevant question is whether the Government has proved beyond a reasonable doubt that the criminal agreement charged in Count One was reached between the defendant or other individuals who were not working at the direction of the Government at that time.

### *"Possession with Intent to Distribute"*

What does "possession with intent to distribute" mean?

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that a defendant had the controlled substance on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession—that is, physical custody of an object—in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has

actual physical custody.  The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.  More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

That is what is meant by "possession."  In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person. To "distribute" means the actual, constructive, or attempted transfer of a controlled substance. Distribution includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

### *"On Board an Aircraft Registered in the United States"*

I also instruct you that the defendant need not know that the narcotics would be or were possessed on board an aircraft that was registered in the United States.  If the Government proves that an aircraft used or intended to be used in the conspiracy was registered in the United States, that is enough.

13

Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Sidney H. Stein, Jury Charge, *United States* v. *Herbert,* 03 Cr. 211 (SHS) (S.D.N.Y. 2004), the Hon. John G. Koeltl, Jury Charge, *United States* v. *Alvarado-Matriller,* 94 Cr. 723 (JGK) (S.D.N.Y. 1995); *see also* Sand, *Modern Federal Jury Instructions*, Instrs. 19-3S; 19-4.

On the definition of importation, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); 21 U.S.C. § 951(a)(1); *see also United States* v. *Romero*, 904 F.3d 238 242-43 (2d Cir. 2018) (holding that defendant participated in the importation of cocaine, for purposes of the Guidelines, by "participat[ing] directly in transporting hundreds of kilograms of cocaine from South America through Honduras for Mexican drug cartels to smuggle into the United States"); *United States* v. *Franchi-Forlando,* 838 F.2d 585, 587 (1st Cir. 1988) (in-transit passenger, whose flight from Colombia to Spain made scheduled stopover in U.S., was guilty of importation of narcotics in violation of 21 U.S.C. § 952(a)); *United States* v. *Mejia-Lozano,* 829 F.2d 268, 271 (1st Cir. 1987) (same); *United States* v. *McKenzie,* 818 F.2d 115, 120 (1st Cir. 1987) (there is no "in-transit" exception to Section 952(a); "We decline to immunize international travelers who choose to pass through this country, however briefly."); *United States* v. *Pentapati,* 484 F.2d 450, 451 (5th Cir. 1973) ("Defendant's allegation of his intention to depart the United States immediately, even if incontrovertibly established, is of no consequence. The statute looks to the fact of bringing a controlled substance within the territorial jurisdiction of the United States, and not to the alleged importer's subsequent plans.").

On the definitions of distribution and manufacture, *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); 21 U.S.C. §§ 802(11) and 802(15).

On the definitions of possession with intent to distribute and on board an aircraft registered in the United States, *see* the Hon. P.

Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nicolas Epskamp*, S1 12 Cr. 120 (RJS) (S.D.N.Y. 2015); *see also United States* v. *Epskamp*, 832 F.3d 154, 167 (2d Cir. 2016) ("We . . . conclude both that the District Court's instructions appropriately reflected the law and that, accordingly, the government was not required to adduce evidence of Epskamp's knowledge concerning the aircraft's [U.S.] registration."); Sand, *Modern Federal Jury Instructions*, Instrs. 56-5, 56-7, 56-12, 56-13.

**Request No. 6          Count One – Second Element: Participation in the Conspiracy**

Let me now turn to the second element of Count One.

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

**"Knowingly" and "Intentionally" Defined**

As to this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing—that he took the actions in question deliberately and purposefully.  The defendant's acts must have been the product of the defendant's conscious objective, and not the product of a mistake or accident, or mere negligence, or some other innocent reason.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

The Government contends that the defendant's acts, conduct, and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, the defendant denies that he committed the charged offense.  It is for you

to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the defendant to have been the owner of, or responsible for, the controlled substance that was intended to cross the United States border.  Other individuals or organizations may be the owners of or responsible for the narcotics intended to cross the border, but the defendant may nonetheless be guilty of conspiring to distribute or manufacture the narcotics with the knowledge or intent that they be imported, if the Government proves the elements of Count One as I am explaining them to you.

Moreover, it is not necessary for the Government to show that the defendant was fully aware of every detail of the conspiracy.  Nor is it necessary for the defendant to know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  Neither is it necessary for the defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome.  It is enough if he participated in the conspiracy intentionally and knowingly, as I have defined those terms.

The defendant need not have joined the conspiracy at the outset.  He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  Even a single act may be sufficient to draw the defendant within the scope of the conspiracy.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the

venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

It is not a defense to a conspiracy charge that the object of the conspiracy could not be achieved because of circumstances that the conspirators did not know about. Thus, you may find the defendant guilty of conspiracy even though it was impossible for him to carry out the plan successfully.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. Knowledge without agreement and participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Van Praagh, et ano.*, 14 Cr. 189 (PAC) (S.D.N.Y. 2014) and Jury Charge, *United States* v. *Lopez Jr., et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); and the Hon. Colleen McMahon, Jury Charge, *United States* v. *Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 56-18.

**Request No. 7          Count One – Conscious Avoidance [If Appropriate]**

My instructions on Count One included an instruction on the concept of knowledge.  Let me say one other thing about that concept.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

In determining whether the defendant acted knowingly and intentionally regarding the object or purpose of the conspiracies charged in Count One and Count Four, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. As I said, knowledge cannot be established by showing that the defendant was careless or negligent.  On the other hand, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of the criminal law.

I want to be clear that this concept only applies when determining whether the defendant knew the object or purposes of the conspiracy; it does not apply when determining whether the defendant knowingly participated in the conspiracy.  It is logically impossible for the defendant to join a conspiracy unless he knows that a conspiracy exists.  Thus, if you find that the defendant was aware of a high probability that the conspiracy at issue in Count One was to manufacture or distribute cocaine so that it could be imported into the United States, or that the conspiracy at issue in Count Four was to use and carry machineguns or destructive devices in connection with, and to possess machineguns or destructive devices in furtherance of, the drug trafficking crime charged in Count One, and the defendant consciously avoided confirming that fact, you may infer that he implicitly had knowledge.  If, however, the defendant actually believed that the conspiracy was not to manufacture or distribute cocaine so that it could be imported into the United States, or if

the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a co-conspirator.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); *see also* the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Lewis A. Kaplan, Jury Charge, *United States* v. *Salazar,* 05 Cr. 517 (LAK) (S.D.N.Y. 2007) and Jury Charge, *United States v. Trujillo,* 01 Cr. 1077 (LAK) (S.D.N.Y. 2004); and the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Epskamp*, 12 Cr. 120 (RJS) (S.D.N.Y. 2014).

> *See United States* v. *Henareh*, 563 F. App'x 808, 811 (2d Cir. 2014) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact. . . .   In other cases, we have explained that this charge is appropriate when a defendant asserts what amounts to ignorance of the specific objectives alleged. . . .   In this regard, Henareh overlooks his own testimony . . . including his express denials that he knew the drugs at the heart of the conspiracy were intended for the United States. . . .   Our review of the record confirms that this is the very instance when a defendant's purported lack of knowledge defense, despite [his] deep involvement in the transactions that effectuated [the crime], all but invite[s] the conscious avoidance charge. . . .   We find no error, plain or otherwise, in the district court's instruction to the jury" (citations and quotations omitted)); *United States* v. *DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987) ("Here, both Molina-Chacon and Risatti asserted ignorance of the specific objectives alleged in the indictment—accordingly, a 'conscious avoidance' instruction was fitting[.]"); *see also United States* v. *Lange*, 834 F.3d 58, 78 (2d Cir. 2016) (explaining that conscious avoidance charge was appropriate in conspiracy case where the defendant "argued at trial that he lacked knowledge of the nature of the fraudulent schemes"); *United States* v. *Cuti*, 720 F.3d 453, 464 (2d Cir. 2013) ("This purported lack of knowledge defense, despite Tennant's deep involvement in the transactions [at issue], all but invited the conscious avoidance charge."); *United States* v. *Flores*, No. 15 Cr. 765 (PAC), 2017 WL 1133430, at *7 (S.D.N.Y. Mar. 24, 2017) (holding that conscious avoidance instruction was appropriate where defendants

intentionally avoided confirming that the target of their drug conspiracy was the United States).

**Request No. 8          Count One – Special Interrogatory on Drug Type and Quantity**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy and its weight.  You will be provided with a verdict form that will include spaces for you to indicate your determinations as to drug type and quantity.

<b>Drug Type</b>

The Government has alleged that cocaine was the controlled substance involved in the conspiracy charged in Count One.  I instruct you as a matter of law that cocaine is a "controlled substance" as I previously defined for you.  The Government need not prove the purity of the cocaine—any mixture or substance containing a detectable amount of cocaine is sufficient.

<b>Drug Quantity</b>

You need not determine the precise quantity of cocaine.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine.  Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Only if you all agree that the conspiracy involved five kilograms or more of cocaine should you mark that finding on the verdict form.

<b>Defendant's Involvement</b>

In making your determination about quantity, you should include whatever quantity of cocaine was involved in any act or acts in which the defendant personally and directly participated.  If you find that the defendant personally or directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.

22

In addition, in making your determination about quantity, you should also include any other quantity of cocaine involved so as long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the conspiracy.  Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); Hon. Paul A. Crotty, Jury Charge, *United States* v. *Van Praagh, et ano.*, 14 Cr. 189 (PAC) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Angelo Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); the Hon. Katherine B. Forrest, Jury Charge, *United States* v. *Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); the Hon. William H. Pauley III, Jury Charge, *United States* v. *Davis, et ano.*, 06 Cr. 911 (S.D.N.Y. 2010); and the Hon. Gerard E. Lynch, Jury Charge, *United States* v. *Martinez*, S5 08 Cr. 792 (GEL) (S.D.N.Y. 2009).

**Request No. 9**          **Count Three – Overview**

I'm now going to turn to Count Three of the Indictment.

Count Three charges the defendant with using and carrying machineguns or destructive devices in connection with, as well as aiding and abetting the possession of machineguns or destructive devices in connection with, the drug trafficking crime charged in Count One of the Indictment.  Specifically, Count Three charges that [the Court is respectfully requested to read paragraph nine of the Indictment].

**Request No. 10        Count Three – Elements**

In order to convict the defendant of Count Three, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant committed a drug trafficking offense that can be charged in federal court.  I instruct you that the drug trafficking crime charged in Count One of the Indictment qualifies as a drug trafficking offense that can be charged in federal court for purposes of the first element of Count Three.

Second, that the defendant knowingly used or carried a firearm during and in relation to the drug trafficking crime charged in Count One, or possessed a firearm in furtherance of that drug trafficking crime charged in Count One, or aided and abetted another in such use, carrying, or possession of a firearm.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Valerie E. Caproni, Jury Charge, *United States* v. *Felder, et ano.*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); the Hon. Robert P. Patterson, Jury Charge, *United States* v. *Smith*, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003); Sand, *Modern Federal Jury Instructions*, Instr. 35-87.

**Request No. 11          Count Three – Second Element:  Terms Defined**

Let me define a few terms that relate to the second element the Government must prove.

### "Use"

In order to prove that the defendant used machineguns or destructive devices, the Government must prove beyond a reasonable doubt an active employment of a machinegun or a destructive device by the defendant during and in relation to the commission of a drug trafficking crime.  This does not mean that the defendant must actually fire or attempt to fire the machinegun or destructive device, although those would obviously constitute use of the machinegun or destructive device.  Brandishing, displaying, or even referring to the machinegun or destructive device so that others present know that the defendant has the machinegun or destructive device available if needed all constitute use of a machinegun or destructive device.  The mere possession of a machinegun or destructive device at or near the site of the crime without active employment as I just described is not, however, sufficient to constitute use of a machinegun or destructive device.

### "Carry"

In order to prove that the defendant carried a machinegun or a destructive device, the Government must prove beyond a reasonable doubt that the defendant had a machinegun or a destructive device within their control so that it was available in such a way that it furthered the commission of the crime.  The defendant need not have held a machinegun or a destructive device physically, that is, have had actual possession of it on his person.  If you find that the defendant had dominion and control over the place where a machinegun or a destructive device was located, and had the power and intention to exercise control over that machinegun or destructive device, and that the machinegun or destructive device was immediately available to him in such a way that

it furthered the commission of the drug trafficking crime charged in Count One, you may find that the Government has proven that the defendant carried the machinegun or destructive device.

**"Possess"**

I have previously defined the word "possess," and those instructions apply equally here. I will also add that possession of a machinegun or a destructive device in furtherance of a drug trafficking crime requires that the defendant possessed a machinegun or a destructive device and that the possession advance or move forward the crime. The mere presence of a machinegun or a destructive device is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The machinegun or destructive device must have played some part in furthering the crime in order for this element to be satisfied.

Finally, I advise you that the fact that a defendant has a license to carry a firearm is not a defense to Count Three.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); the Hon. Valerie E. Caproni, Jury Charge, *United States* v. *Felder, et ano.*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); the Hon. Paul A. Crotty, *United States* v. *Rodriguez*, Jury Charge, 15 Cr. 756 (PAC) (S.D.N.Y. 2016); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013); Sand, *Modern Federal Jury Instructions*, Instr. 35-72. *See also United States* v. *Bryant*, 711 F.3d 364, 369 (2d Cir. 2013); *United States* v. *Farmer*, 1 F.3d 1234 (4th Cir. 1993).

**Request No. 12          Count Three – Aiding and Abetting**

Before I move on, I want to instruct you on the concept of aiding and abetting.  I want to do this now because for Count Three, which I have just discussed with you, the defendant could be found guilty if he aided and abetted a third party who committed the crime.  Aiding and abetting liability is its own theory of criminal liability.

Under the relevant federal statute, one way that a defendant may be found guilty of aiding and abetting a crime is if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.  Specifically, under the federal aiding-and-abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime with which the defendant is charged, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

Under this theory, in order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done—that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed even when coupled with knowledge by the defendant that a crime is being committed is not sufficient to make the defendant guilty as an aider and abettor.  Such a defendant would only be guilty of the offenses as an aider or abettor if in addition to knowing of the criminal activity he actually took some action intending to help the crime succeed.

In considering this theory of liability, ask yourselves these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

Under the statute, another way a defendant may be found guilty of aiding and abetting the criminal acts of another is if the defendant intentionally caused another person to physically commit the crime.  Specifically, the statute provides that whoever "willfully causes an act to be done which if directly performed by him or another" would be an offense, is punishable as a principal.  Thus, with respect to Count Three, if the defendant intentionally caused another to possess a machinegun or a destructive device during and in relation to, or in furtherance of, the drug trafficking crime charged in Count One, then the defendant is guilty of the crime charged in Count Three just as if he had physically committed the crime himself.

Finally, you may also find the defendant guilty of aiding and abetting the crime charged in Count Three if you find that he actively participated in the drug trafficking crime charged in Count One with advance knowledge that another participant in the crime would use or carry a machinegun or a destructive device during and in relation to, or possess a machinegun or a destructive device in furtherance of, that crime.  Advance knowledge means knowledge at a time

the defendant can attempt to alter the plan or withdraw from it.  Knowledge of the machinegun or

destructive device may, but does not have to, exist before the underlying crime is begun.  It is

sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant

continues to participate in the crime and has a realistic opportunity to withdraw from it.  You may,

but need not, infer that the defendant has sufficient foreknowledge if you find that the defendant

continued his participation in the crime after learning about the use, carrying, or possession of a

machinegun or a destructive device by a confederate.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States
> v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon.
> Ronnie Abrams, Jury Charge, *United States* v. *Hunter, et al.*, 13 Cr.
> 521 (RA) (S.D.N.Y. 2018); the Hon. Gregory H. Woods, Jury
> Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y.
> 2018); the Hon. Valerie E. Caproni, Jury Charge, *United States* v.
> *Felder, et ano.*, 14 Cr. 546 (VEC) (S.D.N.Y. 2016); Sand, *Modern
> Federal Jury Instructions*, Instr. 11-2, 11-3; *see also United States*
> v. *Gabriel*, 125 F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish
> a conviction through the use of section 2(b), the government must
> prove that the defendant had the mental state necessary to violate the
> underlying criminal statute and that the defendant 'willfully caused'
> another to commit the necessary act."); *see also Rosemond* v. *United
> States*, 572 U.S. 65, 77-78 (2014) ("An active participant in a drug
> transaction has the intent needed to aid and abet a § 924(c) violation
> when he knows that one of his confederates will carry a gun.  In such
> a case, the accomplice has decided to join in the criminal venture,
> and share in its benefits, with full awareness of its scope—that the
> plan calls not just for a drug sale, but for an armed one.").

**Request No. 13          Count Three – Special Interrogatory on Firearm Type**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of committing, or aiding and abetting the commission of, the firearms offense charged in Count Three, you must then determine whether the offense involved a "machinegun" or "destructive device."  The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Three.

### "Machinegun"

A machinegun is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."

### "Destructive Device"

The term destructive device includes any explosive bomb or grenade, and any type of weapon other than a shotgun or a shotgun shell that will expel a projectile by the action of an explosive or other propellant and that has any barrel with a bore of more than one-half inch in diameter.  A bore is the hollow interior of the barrel of a gun.

**Request No. 14          Count Four – Overview**

Let me now turn to Count Four.

Count Four charges that from at least in or about 2003, up to and including in or about 2021, the defendant agreed with others to use and carry a firearm during and in relation to the drug trafficking crime charged in Count One of the Indictment, or to possess a firearm in furtherance of the drug trafficking crime charged in Count One.  Specifically, Count Four charges that [the Court is respectfully requested to read paragraphs ten and eleven of the Indictment.]

**Request No. 15        Count Four – Elements**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count Four of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count Four existed.  In other words, that from at least in or about 2003 up to and including in or about 2021, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct (i) to use or carry a firearm during and in relation to the drug trafficking crime charged in Count One of the Indictment, or (ii) to possess a firearm in furtherance of the crime charged in Count One.

Second: that the defendant knowingly and intentionally associated himself with, and joined in, the conspiracy.

 I have already provided you instructions on what is means to use or carry a machinegun or a destructive device in relation to a drug trafficking crime or possess a machinegun or a destructive device in furtherance of that crime.  I have also already instructed you on the law of conspiracy, and you should apply those instructions with respect to Count Four as well.  All of those instructions apply equally here.

**Request No. 16          Count Four – Special Interrogatory on Firearm Type**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the defendant is guilty of committing the firearms offense charged in Count Four, you must then determine whether the offense involved a "machinegun" or "destructive device."  I instructed you on the meaning of the terms "machinegun" and "destructive device" in connection with Count Three, and those instructions apply equally for the Special Interrogatory on Count Four.  The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Four.

**Request No. 17          Liability for Acts and Declarations of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents

or partners of one another in carrying out the conspiracy.  Accordingly, the reasonably foreseeable

acts or statements of any member of the conspiracy, committed in furtherance of the common

purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the

members of the conspiracy, and all of the members of the conspiracy are responsible for such acts

or statements.  This rule applies even though such acts or statements were not made or committed

in the defendant's presence or were made or committed without his knowledge.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); *see also United States* v. *Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (juries need not be invited to reconsider the admissibility of co-conspirator hearsay).

**Request No. 18          Variance in Dates**

The Indictment charges that the conspiracies charged in Counts One and Four existed from at least in or about 2003 up to and including in or about 2021.  Similarly, Count Three of the Indictment charges that the defendant acted, or aided and abetted conduct, from at least in or about 2003 up to and including in or about 2021.

For any charge of conspiracy, such as Count One and Count Four, it is not essential that the Government prove that the conspiracy started and ended on the exact dates set forth in the Indictment.  Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some of the time within the period set forth in the Indictment.

Likewise, for any dates set forth in the Indictment, such as those in Count Three, it does not matter if a specific event is alleged to have occurred in or about a certain date or year but the testimony indicates that in fact it was a different date or year.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Angelo Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); the Hon. Victor Marrero, Jury Charge, *United States* v. *Sierra*, 10 Cr. 416 (VM) (S.D.N.Y. 2012); Sand, *Modern Federal Jury Instructions*, Instr. 3-12; *see United States* v. *Heimann*, 705 F.2d 662, 666-67 (2d Cir. 1983).

**Request No. 19        Venue**

In addition to the elements I have described for you, you must decide with respect to each of the Counts in the Indictment whether venue is proper in this District.

Congress has determined that certain acts begun or committed outside the territorial jurisdiction of the United States are chargeable under U.S. law.  This applies to Counts One, Three, and Four of the Indictment.  Thus, as to Counts One, Three, and Four, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. Instead, with respect to Counts One, Three, and Four, it is enough if you find that the point of entry where the defendant or any co-conspirator of the defendant was first brought into the United States was in the Southern District of New York.  Thus, for example, if you determine that the defendant or one of the defendant's co-conspirators was first brought into the United States within the Southern District of New York in connection with their arrest, venue would be appropriate in the Southern District of New York as to the defendant.

I instruct you that Manhattan, the Bronx, and Westchester County, including the Westchester County Airport and the City of White Plains, are in the Southern District of New York.

I should note that on this issue—and this alone—the United States need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, for example, as to Counts One, Three, and Four, the United States has satisfied its venue obligations if you conclude that it is more likely than not that the point of entry where a co-conspirator of the defendant was first brought in the United States was located in this District.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence as to any count, then you must acquit the defendant on that count.

Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023) (narcotics importation conspiracy); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021) (narcotics importation conspiracy); the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012) (narcotics importation conspiracy); the Hon. Sidney H. Stein, Jury Charge, *United States* v. *Herbert,* 03 Cr. 211 (SHS) (S.D.N.Y. 2004) (narcotics importation conspiracy); the Hon. Naomi Reice Buchwald, Jury Charge, *United States* v. *Hertular,* S2 04 Cr. 009 (NRB) (S.D.N.Y. 2006) (narcotics importation conspiracy); the Hon. Charles S. Haight, Jr., Jury Charge, *United States* v. *Rogers,* 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud); and Sand, *Modern Federal Jury Instructions,* Instr. 3-11.

*See* 18 U.S.C. § 3238 ("The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought . . ."). *See also United States v. Gonzalez,* 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

**Request No. 20          Defendant's Testimony (If Applicable)**

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under the U.S. Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> *See United States* v. *Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007)
> (discussing appropriate charges when a defendant testifies).

**Request No. 21          Defendant's Right Not to Testify (If Requested by the Defendant)**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against any defendant in any way in your deliberations in the jury room.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21; *see* the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

**Request No. 22          Similar Act Evidence (If Applicable)**

You have heard evidence that on [a] certain occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in the similar acts, and if you find that the similar acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment.  You also may, but you need not, infer that the acts charged in the Indictment and the similar conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of a bad character or has a propensity to commit crime.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25,
> 5-26; *see United States* v. *Brand*, 467 F.3d 179, 206 (2d Cir. 2006)
> (approving of Sand instruction on similar act evidence).

**Request No. 23          Cooperating Witness Testimony**

You have heard witnesses testify that they have pled guilty to participating in certain crimes. Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution. The fact that a witness is cooperating with the Government can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

I caution you that it is no concern of yours why the Government made an agreement with the witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of cooperating witness, you should ask yourselves whether that person would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because the witness believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did the witness believe that her or his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause her or him to tell the truth? Did this motivation color the witness's testimony?

If you find that the testimony of the cooperating witness was false, you should reject it. However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

Again, as with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept her or his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

In the same vein, you have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a prosecution witness pleaded guilty to similar charges. The decision of that witness to plead guilty was a personal decision that he or she made about her or his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here. That is a determination entirely for you.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon.

Paul A. Crotty, Jury Charge, *United States* v. *Lopez Jr., et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nina*, et al., 13 Cr. 322 (RJS) (S.D.N.Y. 2013); *see* Sand, *Modern Federal Jury Instructions*, Instrs. 7-5, 7-110; *United States* v. *Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

**Request No. 24          Uncalled Witness – Equally Available to Both Sides**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008) and Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

**Request No. 25          Persons Not On Trial**

Some of the people who may have been involved in events leading to this trial are not on trial.  There is no requirement that all members of a conspiracy charged are prosecuted or tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013).

47

**Request No. 26          Law Enforcement and Government Witnesses**

You have heard testimony from law enforcement officials or other government witnesses. The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Gregory H. Woods, Jury Charge, *United States* v. *Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017).

**Request No. 27**        **Use of Evidence Obtained Pursuant to Searches (If Applicable)**

You have heard evidence that law enforcement officials recovered certain evidence during certain searches.  This evidence was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023) (narcotics importation conspiracy); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Lopez Jr.*, *et al.*, 10 Cr. 798 (PAC) (S.D.N.Y. 2011); the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (PAE) (S.D.N.Y. 2013); and the Hon. Vincent L. Briccetti, Jury Charge, *United States* v. *Wilson*, 10 Cr. 233 (VB) (S.D.N.Y. 2011).

**Request No. 28**          **Use of Recordings, Transcripts, and Translations**

Recordings of various foreign-language conversations and other foreign-language materials have been admitted into evidence, and the transcripts of English-language translations of those foreign-language recordings and materials have been admitted into evidence.  I instruct you that it is the English translation on those transcripts that is the evidence.  Whether you approve or disapprove of the recording or interception of those conversations or other materials may not enter your deliberations.  I instruct you that these recordings and materials were obtained in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.  Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, or see any of the English-language transcripts of the foreign-language recordings or materials, they will be made available to you during your deliberations.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Blondet, et. al*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. Jesse M. Furman, Jury Charge, *United States v. Abreu¸* 21 Cr. 300 (JMF) (S.D.N.Y. 2022); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States v. Phillips*, 13 Cr. 723 (RJS) (S.D.N.Y. 2014); the Hon. Paul A. Engelmayer, Jury Charge, *United States v. Martinez*, 13 Cr. 699 (PAE) (S.D.N.Y. 2014).

**Request No. 29**          **Redaction of Evidentiary Items (If Applicable)**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Nina, et al.*, 13 Cr. 322 (RJS) (S.D.N.Y. 2013).

**Request No. 30          Stipulations of Testimony (If Applicable)**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-7.

**Request No. 31        Stipulations of Fact (If Applicable)**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-6, and the Hon. Paul A. Engelmayer, Jury Charge, *United States* v. *Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013).

**Request No. 32**          **Particular Investigative Techniques Not Required (If Applicable)**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Laura Taylor Swain, Jury Charge, *United States* v. *Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010) and the Hon. Denise L. Cote, Jury Charge, *United States* v. *Morales*, 11 Cr. 29 (DLC) (S.D.N.Y. 2011).

**Request No. 33          Inferences**

During the trial you have heard the attorneys use the term "inference" or "infer." In their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a logical factual conclusion that you might reasonably view from other facts that have been proven.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are occasions when particular established facts, whether proved circumstantially or directly, might yield an inference in one direction or in the opposite direction.  The government might ask you to draw one inference.  A defendant may say, well, the same facts point in the opposite direction.  You should draw the other inference.  You are the ones who make up your mind about what, if any, inferences to draw, nobody else; not me, not the lawyers.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

> Adapted from the Hon. Paul A. Crotty, Jury Charge, *United States* v. *Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); the Hon. Lewis A. Kaplan, Jury Charge, *United States* v. *Abu Ghayth*, S13 98 Cr. 1023 (LAK) (S.D.N.Y 2014); Sand, *Modern Federal Jury Instructions*, Instr. 6-1.

**Request No. 34**          **Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

**Request No. 35**         **Charts and Summaries (If Applicable)**

The Government (and/or defense) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

**Request No. 36          Expert Testimony**

You have heard testimony from expert witnesses.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

> Adapted from the Hon. P. Kevin Castel, Jury Charge, *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); the Hon. Colleen McMahon, Jury Charge, *United States* v. *Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

**Request No. 37**          **Character Witnesses (If Applicable)**

There has been testimony that the defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community]. This testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant. The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States* v. *Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

59

**Request No. 38**      **Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings—positive or negative—you may have about the defendant's race, religion, national origin, sex, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any of the witnesses involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the Hon. Jesse M. Furman, Jury Charge, *United States v. Balouchzehi*, 21 Cr. 658 (JMF) (S.D.N.Y. 2023); the Hon. Richard J. Sullivan, Jury Charge, *United States* v. *Beltran*, 07 Cr. 804 (RJS) (S.D.N.Y. 2008).

**Request No. 39          Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open Court.

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Date:   New York, New York
        November 13, 2023

                                Respectfully Submitted,

                                DAMIAN WILLIAMS
                                United States Attorney for the
                                Southern District of New York


                        By:     _____/s/_____
                                Kaylan E. Lasky
                                Michael D. Lockard
                                Kevin T. Sullivan
                                Assistant United States Attorneys
                                212-637-2315 / 2193 / 1587


Cc:     Jason E. Foy, Esq. (via ECF & e-mail)
        Eric J. Sarraga, Esq. (via ECF & e-mail)