

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 26, 2023

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood S. Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Carlos Orense-Azocar*,
21 Cr. 379 (VSB)

Dear Judge Broderick:

The Government respectfully submits this letter in opposition to the motion by the defendant, Carlos Orense-Azocar (D.E. 52) (the "Motion"), requesting that the Court require the Government to produce all favorable information related to the decision of the United States Attorney's Office for the Southern District of Florida ("SDFL") to decline to prosecute the defendant in 2019, or, in the alternative, requesting that the Court conduct a hearing prior to the commencement of opening statements. The Motion should be denied because (i) the Government has complied with and will continue to comply with its obligations under *Brady*, *Giglio*, the Jencks Act, and the Court's Rule 5(f) order, and (ii) the Government has already discharged its duty by undertaking a diligent inquiry with the SDFL relating to the defendant's request.

As background, on December 19, 2022, in its initial production to the defendant, the Government produced a January 8, 2019 email between an Assistant United States Attorney in the SDFL and a Drug Enforcement Administration agent, indicating that the United States Attorney's Office in the SDFL was declining to bring a case against the defendant due to "reasons" relating to "witness credibility and availability." Nearly a year later, on the eve of trial on November 19, 2023, the defendant asked the Government to "provide all of the . . . reasons that were discussed regarding witness credibility and availability" underlying the SDFL's decision not to prosecute the defendant. On November 19, 2023, the Government notified the defendant that it had complied with its discovery and disclosure obligations; following further inquiries by the defendant, on November 22, 2023, the Government informed the defendant that it "recognizes its obligations under *Brady* and *Giglio*, and has complied with its *Brady*, *Giglio*, and Jencks Act obligations, and will continue to comply with them"; and, after additional questions from the defense on November 26, 2023, the Government reaffirmed this answer.

The Motion should be denied. First, the order requested by the defendant is unnecessary. As the Government has notified the defendant, it recognizes its obligations under *Brady*, *Giglio*,

and the Jencks Act, and has complied and will continue to comply with them, and the Government further recognizes its obligations under the Court's Rule 5(f) order. The Government has produced all *Giglio* material of which it is aware with respect to witnesses it anticipates calling at trial. The Court's issuance of the Rule 5(f) order obviates the need for an order such as the one that the defendant seeks here. As a result, the request for an order compelling the production of *Brady* material should be denied. *See, e.g.*, *United States v. Terrell*, 22 Cr. 343 (JMF), 2023 WL 7220736, at *2 (S.D.N.Y. Nov. 2, 2023) (denying motion to compel *Brady* and *Giglio* material based on "the Government's representation that it has complied with its obligations and will continue to do so"); *United States v. Wahab*, 21 Cr. 603 (VEC), 2022 WL 17581560, at *11 (S.D.N.Y. Dec. 12, 2022) (same); *United States v. Gonzalez*, 21 Cr. 288 (VM), 2022 WL 3684796, at *3 (S.D.N.Y. Aug. 24, 2022) (same); *United States v. Brewster*, 19 Cr. 833 (SHS), 2021 WL 3423521, at *7 (S.D.N.Y. Aug. 5, 2021) (same); *United States v. Campo Flores*, S5 15 Cr. 765 (PAC), 2016 WL 5946472, at *11 (S.D.N.Y. Oct. 12, 2016) (same); *United States v. Gallo*, 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) (same); *United States v. Perez*, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (same). Further, "*Brady* does not obligate the Government to seek out information like a private investigator and valet gathering evidence and delivering it to opposing counsel." *United States v. Avenatti*, 19 Cr. 374 (JMF), 2022 WL 457315, at *12 (S.D.N.Y. Feb. 15, 2022) (cleaned up).

Second, any such order would be moot. The Government has already made a diligent inquiry with the SDFL relating to the defendant's request and is not in possession of or aware of any discoverable materials responsive to the request. Accordingly, the defendant is not entitled to any relief, and the Government respectfully submits that no further steps are warranted.

For the foregoing reasons, the Motion should be denied and no hearing is required.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
Kaylan E. Lasky / Kevin T. Sullivan /
Michael D. Lockard
Assistant United States Attorneys
(212) 637-2315 / 1587 / 2193

cc: Defense Counsel (by ECF)