

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 6, 2023

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Carlos Orense-Azocar*,
               21 Cr. 379 (VSB)

Dear Judge Broderick:

      On December 4, 2023, the Government received a request pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and 28 C.F.R. §§ 16.21 et seq.[1] for the testimony of a current Assistant United States Attorney ("AUSA") from the United States Attorney's Office for the Southern District of Florida ("SDFL") and a current Special Agent from the Drug Enforcement Administration ("DEA") at trial in this case (the "*Touhy* Request"), which, after jury selection on November 20, 2023, began on November 27, 2023. The Government seeks a ruling precluding the testimony of these individuals on the topics proposed by the defendant. As set forth in further detail below, the potential topics of testimony described by the defendant are irrelevant, call for inadmissible hearsay, and would be substantially more prejudicial, confusing, and misleading than probative.

---

[1] The *Touhy* regulations, which are set forth at 28 C.F.R. §§ 16.21 et seq, have authority over DOJ and DEA employees. Upon receipt of a *Touhy* request, appropriate considerations include, *inter alia*, "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," 28 C.F.R. § 16.26(a)(1), and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege," 28 C.F.R. § 16.26(a)(2). Disclosure will not be authorized when, *inter alia*, it would "violate a statute," 28 C.F.R. § 16.26(b)(1), "violate a specific regulation," 28 C.F.R. § 16.26(b)(2), "reveal a confidential source or informant," 28 C.F.R. § 16.26(b)(4), or "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," 28 C.F.R. § 16.26(b)(5). A *Touhy* request is properly denied when the defense does not identify any relevant, admissible testimony.

**Background**

On December 19, 2022, in its initial production to the defendant, the Government produced (i) a January 8, 2019 email between an AUSA in the SDFL and a DEA agent, conveying that the SDFL was declining to bring a case against the defendant due to "reasons" relating to "witness credibility and availability," and (ii) a DEA report stating that the SDFL AUSA had "declined prosecution due to concerns of witness credibility and availability," which attached the January 8 email. Nearly a year later, on November 19, 2023, the defendant asked the Government, days before trial, to "provide all of the . . . reasons that were discussed regarding witness credibility and availability" underlying the SDFL's decision not to prosecute the defendant. In response to the defense's inquiries, between November 19, 2023, and November 26, 2023, the Government notified the defense that it recognized, has complied with, and will continue to comply with its obligations under *Brady*, *Giglio*, and the Jencks Act.

On November 25, 2023, the defendant filed a motion requesting that the Court require the Government to produce all favorable information related to the SDFL's decision to decline to prosecute the defendant in 2019, or, in the alternative, requesting that the Court conduct a hearing. (D.E. 52). The Government opposed the defendant's motion. (D.E. 55). On November 27, 2023, after oral argument on the first day of trial, the Court preliminarily denied the motion after concluding that the Government had collected and produced the available information from the SDFL that would be relevant to the defense's inquiry, and pending further limited inquiry with an AUSA from the United States Attorney's Office for the Southern District of New York ("SDNY") who had spoken with the SDFL AUSA regarding the January 8, 2019 email. (Nov. 27, 2023, Tr. 51-54). On November 28, 2023, in response to the Court's inquiries, the Government conveyed that, *inter alia*, the SDFL AUSA in question had informed the SDNY AUSA that the SDFL AUSA had no credibility concerns with any witness, including one of the Government's witnesses in its current trial in the SDNY, Antonio Arvelaiz. (*Id.*, Tr. 162-64). The Court then confirmed its prior ruling denying the defendant's motion. (Nov. 28, 2023, Tr. 166).

Nearly a week later and approximately one hour before the start of the second week of trial, this Office received the *Touhy* Letter. In an Affidavit appended to the *Touhy* Letter, defense counsel identified the following topics of "anticipated" testimony that he would elicit from the SDFL AUSA and the DEA agent, if permitted to call them:

- "The anticipated testimony" of the SDFL AUSA and DEA agent "will address their decision to decline to prosecute the defendant in 2019 due to concerns of witness credibility as stated in their January 8, 2019 correspondence and July 2, 2019 DEA-6 report."

- "The defense intends to inquire about the specific reasons related to witness credibility that led to their decision."

- The SDFL AUSA "is anticipated to testify about the Southern District of Florida's efforts to find the proffer notes and lost file for their related investigation into this case."

(*Touhy* Request, Aff. ¶ 3). Defense counsel asserts that this "anticipated" testimony is relevant to the impeachment of Arvelaiz (*id.* ¶ 4), but does not specify what aspects of Arvelaiz's testimony he seeks to impeach with any potential, and unidentified, statements by the SDFL AUSA and the DEA agent.

## Discussion

The Court should preclude any testimony on the topics noticed by the defense. Even if the *Touhy* Letter were deemed compliant with the DOJ's *Touhy* regulations, the letter and accompanying affidavit identify "anticipated" testimony that is irrelevant, calls for inadmissible hearsay, and, to the extent it is at all relevant (which it is not), would be substantially more prejudicial, confusing, and misleading than probative. *See, e.g.*, *United States v. Mohamed*, No. 18 Cr. 603 (ARR) (E.D.N.Y.), D.E. 265 (denying *Touhy* request for testimony of certain FBI agents involved in the investigation of the case, based on the finding that the testimony that the defense sought to elicit "would be irrelevant or otherwise inadmissible").

The defendant seeks to elicit from the SDFL AUSA and the DEA agent information relating to the decision not to prosecute the defendant in 2019, which the defense speculates will assist with impeaching Arvelaiz at trial. (*Touhy* Request, Aff. ¶¶ 3-4). The SDFL's deliberative and prosecutorial decision-making process simply is not relevant to the defendant's guilt, and, moreover, testimony from an AUSA about mental impressions and opinions would be improper and inadmissible. *See, e.g.*, *United States v. Griffith*, 20 Cr. 15 (PKC), D.E. 82 (Dec. 22, 2020 Tr.) at 27 (stating, in the course of declining to grant defense's *Touhy* request for testimony from another government component, that while it might be "interesting" if another government component had "doubts" about a particular prosecution, "[t]hat does not translate into any admissible, usable evidence"); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982) (finding that a "prosecutor could not properly testify that [a witness] had seemed unsure of his story and that the prosecutor had been skeptical," since "these were merely the prosecutor's opinions about [the witness's] credibility"). At its core, the requested testimony about the SDFL AUSA's internal deliberations in connection with the case in 2019 is not relevant, and the defense is seeking to put before the jury a collateral matter not properly before it. The SDFL AUSA and DEA agent's discussions or internal considerations about a "decision to decline to prosecute the defendant in 2019" have no bearing on the existence of the charged conspiracy, the defendant's knowledge and intent, or whether he participated in the conspiracy, and would also be unduly prejudicial and misleading.

Moreover, any prior statements of the SDFL AUSA or the DEA agent discussing the facts of this case would constitute out-of-court statements offered for the truth of the matters asserted not subject to any exception. *See* Fed. R. Evid. 801, 803-804; *see also United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (excluding statement of AUSA on hearsay grounds and noting that, for such statements to be admitted, they must be "the equivalent of testimonial statements"); *United States v. Carton*, No. 17 Cr. 680 (CM), 2018 WL 6040652, at *4 (S.D.N.Y. Oct. 26, 2018) (refusing to find out-of-court statements of AUSA, FBI agent, and Victim Witness Unit admissible under Rule 801(d)(2)); *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2018 WL 2254538, at *5 (S.D.N.Y. May 17, 2018) ("[O]ut-of-court statements by Government agents are generally not

admissible as party admissions under Federal Rule of Evidence 801(d)(2)."), *aff'd*, 988 F.3d 645 (2d Cir. 2021).

Beyond being irrelevant and inadmissible as a general matter, the potential "anticipated" testimony has, on its face, no bearing on the credibility of Arvelaiz and fails to identify *how* it would tend to impeach Arvelaiz. Here, the defendant had a fair opportunity to cross-examine Arvelaiz – in its robust and lengthy cross-examination it confronted Arvelaiz with multiple documents produced to the defense pursuant 18 U.S.C. § 3500, including materials from the SDFL case file. (Tr. 580, 596-606, 614, 621 658-59). Thus, even if offered under the general "impeachment" theory proffered by the defense as the purpose for its request for testimony from the SDFL AUSA and the DEA agent (which theory lacks sufficient specificity and evidentiary basis), the potential testimony from the SDFL AUSA and the DEA agent would be inadmissible as cumulative under Federal Rule of Evidence 403.

For similar reasons, the defendant's request that the SDFL AUSA testify about efforts to find "proffer notes and lost file" from the SDFL investigation should be precluded as irrelevant, and more prejudicial than probative. Testimony about this topic has no bearing on the credibility of witnesses at trial. Moreover, testimony about this issue would be collateral to the issues raised at trial and would thus likely confuse and distract the jury. The defense should not be permitted to call witnesses to put the Government on trial. *United States v. Knox*, 687 F. App'x 51, 54 (2d Cir. 2017) (affirming instruction that "the government is not on trial").

In sum, the defendant has failed to identify any relevant or permissible basis for admitting the potential "anticipated" testimony of the SDFL AUSA or DEA agent on the topics identified in the *Touhy* Letter. The Court should preclude any testimony on the topics proposed by the defendant.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____/s/_____
        Kaylan E. Lasky / Kevin T. Sullivan /
        Michael D. Lockard
        Assistant United States Attorneys
        (212) 637-2315 / 1587 / 2193

cc:    Defense Counsel (by ECF)