

105 MAIN STREET
HACKENSACK, NJ 07601
TEL: 201-457-0071
FAX: 201-457-0072

WWW.FOYSEPLOWITZ.COM

30 WALL STREET
8TH FLOOR
NEW YORK, NY 10005
TEL: 212-709-8230

December 7, 2023

Honorable Vernon S. Broderick, USDJ
Thurgood Marshall US Courthouse
40 Foley Square
New York, NY 10007

      **Re:**   **US v. Carlos Orense Azocar**
            **Dkt. # 21 Cr. 379 (VSB)**
            **Motion in Limine to Permit Defense Witness**

Dear Judge Broderick:

Please accept this letter motion in limine in lieu of formal brief to address whether Carel Ydler may testify during the defense case regarding the following topics:

1. Pursuant to FRE 608 Ms. Ydler should be permitted to provide testimony about Antonio Arvelaiz's reputation for having a character for untruthfulness and she should be allowed to testify in the form of an opinion about the character of Arvelaiz. *United States v. James*, 609 F.2d 36, 46 (2d. Cir. 1979).

2. Bias by Arvelaiz toward the defendant and his family.

3. Arvelaiz motive to testify untruthfully.

*Carel Ydler*

Ms. Carel Ydler is the ex-wife of the defendant. Two adult sons were born from their union. Ms. Ydler is the maternal aunt of Antonio Arvelaiz. She is also Arvelaiz's godmother and the godmother of his child. She has known Arvelaiz his entire life and she has personal knowledge of his reputation for untruthfulness in the community and amongst his family. She also can provide testimony regarding the bias Arvelaiz possesses against the defendant and his family. She can also testify regarding Arvelaiz's motives to testify untruthfully in this case.

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 2

*Controlling Authority on Bias*

Bias is a term used in the "common law of evidence" to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. *United States v. Abel*, 469 US 45, 52 (1984). Furthermore, bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest. *Id.* Proof of bias is almost always relevant because the jury, as the ultimate fact finder and evaluator of credibility, is entitled to assess all evidence which may bear upon the accuracy and truthfulness of a witness' testimony. *Id.*

The "common law of evidence" allowed the showing of bias by extrinsic evidence, while requiring the cross-examiner to "take the answer of the witness" with respect to less favored forms of impeachment. *Id.* Our Court of Appeals has upheld the use of extrinsic evidence to show bias both before and after the adoption of the Federal Rules of Evidence. *Abel* at 51; *United States v. James*, 609 F.2d 36, 46 (2d Cir. 1979); *United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976). Extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground." *Justice v. Hoke*, 90 F.3d 43, 48 (2d Cir. 1996) (internal quotation marks and citation omitted); *see also United States v. Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 469, 83 L. Ed. 2d 450 (1984) ("Proof of bias is almost always relevant . . . ."). *United States v. Frank*, 99-1625,200 U.S. App. LEXIS 5596 at *9 (2d Cir. March 28, 2000) (unpublished opinion)(quoting *Justice v. Hoke*, 90 F.3d 43, 48 (2d Cir. 1996).

The test the court should consider is whether the jury is in possession of sufficient information to make discriminating appraisal of the Arvelaiz's possible motives for testifying falsely in favor of the government. *James* at 47; *United States v. Turcotte*, 515 F.2d 145, 151 (2d Cir. 1975). In considering the foregoing, the court should avoid completely cutting off a probative inquiry that bears upon a feasible defense. *United. Harvey*, at 723.

*Proffered Testimony*

Ms. Ydler would testify to the following subjects on the defense case, which will be primarily focused on the impeachment of the credibility of Antonio Arvelaiz.

1. Defendant has a reputation for untruthfulness in the community and amongst his family.

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 3

2. In 2010 Arvelaiz has threatened harm to Ms. Ydler and her friend when they attempted to confront him when he defrauded her friend into giving him money in connection to his Venezuelan Black Market Money Exchange scheme.

3. Arvelaiz motive to testify falsely is due to the Orense family being partially responsible for informing law enforcement of his criminal conduct in Miami, which led to his conviction and 60 month sentence of imprisonment.

4. Arvelaiz asked Ms. Ydler to assist him in obtaining a copy of an article he paid to have published in Venezuela to forward his application for political asylum under false pretenses.

5. Arvelaiz did not work for the defendant in connection to a security detail or any other employment arrangement.

6. Arvelaiz burglarized his grandmother's home on two occasions and took money and jewelry belonging to Ms. Ydler, her mother and other family members.

Based upon the foregoing and anticipated oral argument, the defendant request permission to call Ms. Ydler on the defense case.

Sincerely,

**FOY & SEPLOWITZ LLC**

*Jason E. Foy*

**JASON E. FOY**
jfoy@foyseplowitz.com


cc:   AUSA Kaylan Lasky
      AUSA Kevin Sullivan
      AUSA Michael Lockard