

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2023

**BY ECF & EMAIL**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood S. Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Carlos Orense-Azocar*, 21 Cr. 379 (VSB)

Dear Judge Broderick:

    The Government respectfully submits this letter in further response to the defendant's motion to elicit testimony of a relative (the "Relative") of Government witness Antonio Arvelaiz and of the defendant regarding certain statements Arvelaiz purportedly made to the Relative. In particular, in light the proposed testimony regarding the Arvelaiz's statements, as elicited during the *voir dire* of the Relative conducted before the Court today, the Government writes to address the defendant's now-proposed theory seeking to introduce such hearsay under Rule 803(3) of the Federal Rules of Evidence.

    Rule 803(3) allows as an exception to the hearsay rule "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." "A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds. *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) (citing Fed. R. Evid. 803(3)). The Second Circuit recognizes, however, that "[t]he exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) (quoting Adv. Committee Note to Fed. R. Evid. 803(3)); *see id.* (explaining the propriety of excluding such hearsay that "'faced backward and not forward . . . [and] spoke to a past act, and even more than that, to an act by some one not the speaker.'" (quoting *Shepard v. United States*, 290 U.S. 96, 104, 106 (1933)). Indeed, "[t]o admit statements of one's state of mind with regard to conduct that occurred . . . *earlier* . . . would significantly erode the intended breadth of this hearsay exception." *Cardascia*, 951 F.2d at 488 (emphasis added); *see also United States v. Netschi*, 511 F. App'x 58, 61 (2d Cir. 2013) (affirming exclusion of statements that concerned what the defendant "said or did *after the* fraudulent transactions had taken place and as the scheme itself was being discovered" (emphasis in original)); *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) ("[hearsay] statements of what [the defendant] or someone

else had done in the past . . . would be properly excludable as inadmissible hearsay not within the terms of Rule 803(3)").

Here, the defendant should not be permitted to introduce through the Relative Arvelaiz's purported statements of what he had done previously. In other words, "backward"-facing statements regarding or characterizing conduct that occurred earlier are not proper under Rule 803(3). *Lawal*, 736 F.2d 5, 8; *Cardascia*, 951 F.2d at 488. As yesterday's *voir dire* of the Relative made plain, the defense seeks improperly to elicit statements to the effect of "I fucked Carlos." (*See, e.g.*, Tr. at 1200). Moreover, the Relative also cannot testify to purported statements that do not actually go to Arvelaiz's state of mind. *See, e.g.*, Tr. at 1201 ("[H]e was traveling to New York to be interviewed by the government, he was in the Marriott Marquis Hotel, that the FBI was paying for it, and the DEA."). Finally, admissibility of statements offered pursuant to Rule 803(3) is the proponent's burden, and ambiguity or confusion as as to when the statement was made undercuts how it can possibly be properly offered to show Arvelaiz's "*then*-existing" state of mind. *See, e.g.*, Tr. at 1201 ("Q. Approximately when did he make that statement? A. Approximately beginning of 2021, and also at the end of 2019. During the pandemic."); *see also Cardascia*, 951 F.2d at 487 ("[T]he exception under Rule 803(3) is a specialized application of the present sense impression and excited utterance exceptions preceding it in Rule 803, the reasons for the state of mind exception focus on the contemporaneity of the statement.").

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____/s/_____
     Kaylan E. Lasky / Kevin T. Sullivan /
     Michael D. Lockard
     Assistant United States Attorneys
     (212) 637-2315 / 1587 / 2193

cc: Defense Counsel (by ECF)