```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                -v-                                        :
                                                           :  21-CR-379 (VSB)
                                                           :
CARLOS ORENSE AZOCAR,                                      :  ORDER
                                                           :
                        Defendant.                         :
                                                           :
-----------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      On June 20, 2024, Defendant sent an *ex parte* correspondence to the Court. (*See* Doc. 95.) With Defendant's attorney's consent, (Doc. 97), on August 6, 2024, I permitted Defendant's *ex parte* correspondence to be filed on the public docket, (Doc. 98). Accordingly, the Defendant's *ex parte* correspondence is attached to this order.

      Additionally, the Clerk of Court is respectfully directed to terminate the pending motions at Docs. 36, 37, 40, 51, 56, 57, as these motions were resolved during trial.

SO ORDERED.

Dated:   April 11, 2025
           New York, New York

                                                              Vernon S. Broderick
                                                              United States District Judge

CARLOS ORENSE AZOCAR
REGISTER NO. 91458-54
M.D.C. BROOKLYN
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

June 20, 2024

The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re; United States v. Carlos Orense Azocar, Docket No. 21 Cr. 379 (VSB)

Dear Judge Broderick:

      Defendant, hereby invoking his Sixth Amendment right to self-representation, for the sole purpose of submitting this motion, respectfully moves the Court for an order setting aside the jury verdict, and ordering a new trial, pursuant to Rule 33(a) and (b) of the Federal Rules of Criminal Procedure, and for such other relief as the Court deems just and proper. For the reasons stated hereinafter, an order granting this motion, in its entirety, should issue forthwith.

I.     Relevant Background & Facts.

      A grand jury returned a two-count indictment charging Defendant with conspiracy to import cocaine, in violation of 21 U.S.C. 963 (Count One) and conspiracy to possess machine guns and destructive devices during and in relation thereto, in violation of 18 U.S.C. 924(o) (Count Two). Defendant entered a plea of not guilty, and the matter proceeded to trial. However, prior to trial the Government extended a plea offer to counsel, and counsel summarily communicated to Defendant, but failed to offer competent advice as to how Defendant should handle the plea offer, and also failed to provide a comparative sentence analysis to enable Defendant to make an informed decision as to whether to accept or reject the plea offer. Consequently, Defendant rejected the plea offer, and proceeded to trial on the advice of counsel.

      On December 12, 2023, Defendant was found guilty after a jury trial. The testimony during the trial consistency almost exclusively of conduct alleged to have occurred more than five year prior to the indictment, and outside the applicable statute of limitations. During that trial, the Government introduced testimony of several witnesses purporting to have knowledge of Defendant's involvement in narcotics trafficking. One of those witnesses (Mario Satizabal) testified to having met Defendant in 2006 in Venezuela to allegedly discuss the transportation of cocaine to Europe.

      Since the conclusion of the trial, Defendant learned that Mr. Satizabal (while incarcerated and subsequent to his cooperation) was charged and convicted for possession of contraband while imprisoned. However, information of that conviction was withheld from Defendant prior to and during trial.

      Following the trial, defense counsel moved for a new trial, pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, arguing that it would be a miscarriage of justice to allow the verdict to stand given the quality and quantity of evidence adduced during the trial. That motion did not, however, advance any of the claims advanced hereinafter. Defendant now seeks an order setting aside the jury verdict, ordering a new trial and/or dismissal of the indictment as time barred, and/or an order permitting Defendant to accept the plea offer that he would have accepted but for ineffective assistance of counsel.

II.   Arguments & Authorities.

THE COURT SHOULD PROMPTLY SET ASIDE THE JURY'S GUILTY VERDICTS AND ORDER A NEW TRIAL

A.   Timeliness of Motion.

Defendant submits that this motion is timely inasmuch as the arguments advanced hereinafter are predicated upon a claim of ineffective assistance of counsel. Rule 33 requires that a motion for a new trial, other than one based on newly discovered evidence, must be filed within 14 days of the jury verdict, "unless the court finds that the late filing was the product of 'excusable neglect.'" United States v. Brown, 623 F.3d 104, 113 n.5 (2d Cir. 2010)(quoting Rule 45(b) of the Federal Rules of Criminal Procedure); see also Eberhart v. United States, 546 U.S. 12, 19 (2005)(holding Rule 33 must be read in conjunction with Rule 45(b)). Failure to abide by the 14 day filing deadline under Rule 33 may be excused where the ineffective attorney continues to represent the defendant during the relevant 14-day period.

In the present case, Defendant was represented by the same attorney during the relevant 14-day period, and that attorney actually moved, pursuant to Rule 33, for a new trial. However, the instant motion seeks to raised claims of ineffective assistance of counsel that trial counsel could not have been expected to raise. This motion also includes newly discovered evidence, which the Government suppressed from the defense. On these facts, the instant motion is timely, as there is undeniably "excusable neglect" for failure to seek relief within the relevant 14-day period.

B.   Discussion.

   (i)   Ineffective Assistance of Counsel -- Rejection of favorable Plea Offer

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at all critical stages of the criminal process. See, Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986). That right extends to the plea negotiation stages of the case. See, Missouri v. Frye, 566 U.S. 134, 143-46 (2012)(holding that defense counsel provided ineffective assistance by failing to inform the defendant of a favorable plea offer); Lafler v. Cooper, 566 U.S. 156, 163 (2012)(holding that defense counsel provided ineffective assistance where counsel informed the defendant of a favorable plea offer which the defendant rejected based on the deficient advice of counsel).

To prove ineffective assistance of counsel, a defendant must demonstrate both deficient performance by the attorney, and a reasonable probability that the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1986). In the context of a plea, a defendant must demonstrate that, but for counsel's ineffectiveness, he would have accepted the government's favorable plea offer and would not have proceeded to trial. See, Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Kovacs v. United States, 744 F.3d 44, 52 (2d Cir. 2014).

Counsel's duties during the plea bargaining process do not end with the mere communication of a plea offer: "defense counsel must give the client the benefit of counsel's professional advice on this crucial decision of whether to plead guilty." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). Counsel's professional advice to the client should entail an explanation of: the terms of the plea offer, the "strengths and weaknesses" of the Government's case, and the difference between the sentencing exposure presented in the plea offer and that which the client would most likely face if he were convicted at trial. Id. at 45; see also Boria v. Keane, 99 F.3d 492, 499 (2d Cir. 1996); United states v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998)("[K]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty.").

In the present case, the Government extended a plea offer to Defendant. The precise terms of the plea offer are unknown inasmuch as counsel did not provide a copy of the plea offer to Defendant, who does not speak the English language. While some documents were translated into Spanish, and furnished upon Defendant, the plea offer is not one of such documents. Counsel summarily informed Defendant of the plea offer, but provided no competent advice as to the desirability of the plea offer and provided no information regarding the difference in sentencing exposure. Counsel left Defendant with the impression that he could conceivably prevail at a trial. Had counsel informed Defendant that accepting the plea offer would significantly reduce Defendant's sentence exposure, that Defendant could be convicted simply upon the testimony of Government witnesses -- irrespective of whether their testimony was true or false -- and that the Government therefore had a strong case, Defendant would have accepted the plea offer.

In view of the foregoing, counsel's assistance was ineffective and the verdict should be set aside in the interest of justice, and Defendant should be afforded either a new trial or an opportunity to accept the favorable plea offer. See, Gordon, 156 F.3d at 382 (holding that remedy of "a new trial not necessarily impossible" where ineffective assistance of counsel results in the rejection of a favorable plea offer.)

(ii)  Suppression of Evidence of Witness Prior Conviction (Newly Discovered).

Recently, Defendant became aware that Mr. Satizabal had committed at least one crime since commencing his cooperation with the Government, and that he was convicted and sentenced to a term of imprisonment for that offense. However, that information had not been disclosed to the defense by the Government, but was instead suppressed, in violation of Defendant's Due Process rights and the holding Brady v. Maryland, 373 U.S. 83 (1963). Since the suppression of this evidence deprived Defendant of a fair trial, a new trial is warranted. See, Strickler v. Greene, 527 U.S. 263, 281 (1999).

(iii)  Ineffective Assistance of Counsel -- Failure to Raise Statute of Limitations Defense.

The evidence adduced during the trial, viewed in a light most favorable to the Government, established that the charged conspiracy terminated more than five years prior to the return of the indictment. Each witness testified to conduct that occurred more than five years prior to the return of the indictment. As such, the indictment was clearly time-barred by 18 U.S.C. 3282, and counsel should have raised a timely objection -- even if during the trial. Had counsel done so, the outcome of the trial proceedings would have been different.

The statute of limitation is a defense "that must be asserted on the trial by the defendant in criminal cases." Biddinger v. Commissioner of Police, 245 U.S. 128, 135 (1917). It is an affirmative defense that is a limit on the Government's power to prosecute. United States v. Walsh, 700 F.2d 846, 856 (2d Cir. 1983). While motions surrounding the statute of limitations are generally made prior to trial, this ineffective assistance of counsel claim is properly before the Court on this Rule 33 motion. See, e.g., United States v. Cherico, No. 08 Cr. 786 (CM), 2012 U.S. Dist. LEXIS 69245, at *20 (S.D.N.Y. May 16, 2012)(addressing ineffective assistance of counsel claim in failure to raise statute of limitations when it became obvious during trial that indictment was untimely).

Counsel's failure to object to the evidence establishing (arguably) only an offense occurring outside of the applicable statute of limitations period warrants an order setting aside the jury verdict, in the interest of justice.

III.  CONCLUSION.

For the reasons stated, the Court should set aside the jury verdict and order a new trial, to prevent a complete miscarriage of justice.

Respectfully submitted,

CARLOS ORENSE AZOCAR

cc: U.S. Attorneys Office (SDNY)

CARLOS ORENSE AZOCAR
REGISTER NO. 91458-54
M.D.C. BROOKLYN
P.O. BOX 329002
BROOKLYN
NEW YORK 11232

THE HONORABLE VERNON S BRODERICK
UNITED STATE DISTRICT JUDGE
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

NEW YORK NY 100
20 JUN 2024 PM 7 L

10007–13098

USM:
SDNY